## LUCY A. TURNER vs. CHARLES P. PAGE.
## HENRY A. TURNER vs. SAME.

Worcester.    October 5, 1904. — November 21, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, In driving, Proximate cause.

A driver of horses attached to a tip cart, who leaves them standing near a railroad
    crossing where a switching engine is shifting back and forth while he goes back
    to pick up a part of his load which has fallen from the cart, may be found to be
    negligent if the horses run away and cause injury, although the horses never
    had run away before and many times had been left unhitched and had been
    much about railroads and were accustomed to the sights and sounds about
    trains, and although the driver had no knowledge of any tendency on the part
    of the horses to run away, and did what it was customary to do under similar
    circumstances.

One who negligently allows a pair of horses to run away can be found to be none
    the less liable for injury done by them, or if he is a servant his master to be
    none the less liable, because before doing the injury the horses swerved from
    their course when one of them was hit on the head with a rake by a person try-
    ing to stop them.    Such an intervening act can be found to be a natural and
    probable consequence of letting the horses run away.

TWO ACTIONS OF TORT, one by a married woman for personal
injuries, and the other by her husband for loss of consortium
and expenses, and for injuries to the buggy in which the plaintiff
in the first case was sitting when the accident occurred, alleged
to have been caused by the negligence of the defendant's ser-
vant.    Writs dated May 25, 1903.

At the trial in the Superior Court before *Gaskill*, J., it ap-
peared, that the plaintiff in the second case had gone into a bank
on Central Street in Gardner, leaving his wife sitting in the
buggy, when a pair of horses, attached to a tip cart belonging to
the defendant and without a driver, ran into the buggy, the pole
of the tip cart breaking the back of the buggy and throwing out
the plaintiff in the first case; that the driver of the tip cart had
left his horses standing eight or ten feet from a railroad track
while he went back about six or eight feet to pick up a part of
his load of stove wood which had dropped from the cart; that
there was a switching engine shifting back and forth over the

crossing, puffing and blowing; that the horses suddenly started and ran, the driver running after them in vain; that one Buffum tried to stop the horses by standing in front of them and holding up a wooden rake which he had in his hand; that when the horses came upon him he jumped aside hitting or touching the head of one of them with the rake; and that the horses somewhat changed their course and ran into the buggy standing by the sidewalk as above described.

At the close of the evidence the defendant asked the judge to make the following rulings:

" 1. Upon all the evidence, the plaintiff is not entitled to recover.

" 2. There is no sufficient evidence of negligence on the part of the defendant.

" 3. There is no sufficient evidence of negligence on the part of the driver of the horses which ran away to warrant a recovery.

" 4. If the horses which ran into the plaintiff would not have so collided and the injuries would not have occurred, except for the intervening attempt of Buffum to stop the horses, coupled with the blow with the rake over the head of the nigh horse, then the plaintiff cannot recover.

" 5. If the horses which ran had always before the accident been safe, docile and gentle horses, and they had never run away before, and the driver had no knowledge of any tendency on their part to run away, and they had many times before been left without being hitched, and they had been much about railroads and were familiar with the sights and sounds about railroad trains, and the driver of the horses did what it was customary to do under similar circumstances, then the plaintiff cannot recover."

The judge refused to rule as requested and gave other instructions. The jury returned a verdict for the plaintiff in each case, in the first case in the sum of $100, and in the second case in the sum of $205. The defendant alleged exceptions.

*A. P. Rugg*, (*H. H. Thayer* with him,) for the defendant.

*G. R. Warfield*, for the plaintiffs.

LORING, J. 1. The difficulty with the defendant's argument in support of his exception to the refusal to give the fifth ruling

asked for and to so much of the charge as is inconsistent with it is that what is complained of in the argument is not the refusal of what was asked for in the ruling. The complaint made by the defendant in his argument is that the judge did not tell the jury to consider the previous habits of the horses in passing on the question of the driver's negligence. What the defendant asked for in this ruling was that if the jury believed the testimony as to their previous habits the plaintiff could not recover.

2. The difficulty with his argument in support of his exception to the refusal to give the fourth ruling asked for lies in the assumption that the persons who attempt to stop runaway horses will in fact act as the typical prudent man would act. We are of opinion on the contrary that among the natural and probable consequences of negligently letting a pair of horses run away it is competent to find that they will swerve to one side or the other on account of the acts of persons who try to stop them in a way which would not have been adopted by a prudent man, including waving a rake and hitting one of the horses over the head with it. The case comes within *Lane* v. *Atlantic Works,* 111 Mass. 136 ; *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15 ; *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232 ; *Murray* v. *Boston Ice Co.* 180 Mass. 165 ; see also *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47, 48 (where the earlier cases are collected) ; and does not come within *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536 ; *Glynn* v. *Central Railroad,* 175 Mass. 510 ; *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315. See also *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47, 49.

*Exceptions overruled.*