JAMES P. MULLEN & another *vs.* J. ZIDES.

Suffolk.   December 1, 1913. — December 5, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Negligence*, Proximate cause.

If the driver of a horse attached to a wagon negligently drives into another wagon that has been left standing at the right hand side of a street, close to the curbstone, with its wheels fastened, and thereupon the horse attached to the last named wagon runs away and a man in the street throws up his hands to "shoo" the horse and the horse runs against a street car and overturns and breaks the wagon to which he is attached, the negligence of the driver of the first named horse can be found to have been the proximate cause of the damage done to the overturned wagon.   Following *Turner* v. *Page*, 186 Mass. 600.

TORT for damage to a wagon of the plaintiffs alleged to have been caused by negligence of a servant of the defendant when driving a horse attached to a wagon of the defendant along Blue Hill Avenue in Boston.   Writ in the Municipal Court of the City of Boston, dated September 16, 1912.

In the Municipal Court *Bennett*, J., refused to rule that upon all the evidence "the injury and damage complained of was too remote to recover" and that the collision of the defendant's horse and wagon with those of the plaintiffs was not the proximate cause of the damage to the plaintiffs' wagon.   He found for the plaintiffs in the sum of $100.25, and at the defendant's request reported his ruling to the Appellate Division.   The Appellate Division made an order that the report be dismissed and that the plaintiffs be awarded double costs.   The defendant appealed to this court under St. 1912, c. 649, § 9.

The evidence as stated in the report showed the following facts: On the date of the accident the plaintiffs' team was standing on the right side of Blue Hill Avenue, close to the curbstone, with the wheels fastened.   The driver of the team was in a store nearby delivering bread.   The defendant's team was being driven along the highway by his servant, in the same direction in which the plaintiffs' team was headed, and, in passing, came into collision with it and the plaintiffs' horse thereupon ran away.   The

horse in running away continued along Blue Hill Avenue in the direction in which he was headed, going for some distance on the right hand side of the street and for another part of the distance in the car tracks. While he was so continuing to run, some person on the highway near the car tracks threw his hands up in the air apparently to "shoo" the horse, and thereafter the plaintiffs' team came into collision with an electric street car which was moving toward it. The rear wheel of the plaintiffs' wagon came in contact with the car, the wagon was overturned and the damage complained of resulted. The evidence showed that the motorman of the car was using every effort to bring the car to a standstill to avoid a collision and that he practically had brought it to a standstill at the time the plaintiffs' team came into collision with it.

The case was submitted on briefs.

*A. Blumenthal,* for the defendant.

*J. F. McDonald & J. M. Graham,* for the plaintiffs.

BY THE COURT. The report shows that the servant of the defendant negligently caused the plaintiffs' team to run away on a street in Boston and some person "threw his hands up in the air apparently to 'shoo' the horse," and thereafter the team came into collision with an electric car without fault of those in control of the car, whereby the plaintiffs were injured in their property, to recover damages for which this action was brought.

The injury to the plaintiffs was not too remote from the act of the defendant's servant. The intervening act of the man throwing up his hands did not break the causal connection between the tortious act of the defendant and the damage done to the plaintiffs. The wrongful conduct of the defendant might have been found to have been the proximate cause of the harm to the plaintiffs. The facts are almost exactly like those in *Turner* v. *Page,* 186 Mass. 600, in which the plaintiff was held entitled to recover. That case is decisive against the contentions of the defendant.

*Judgment affirmed.*