ALFRED C. MORRISON, administrator, *vs.* JOHN MEDAGLIA.

ALFRED C. MORRISON *vs.* SAME.

Essex.    December 8, 1933. — June 13, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way, Proximate cause, Causing death. *Practice, Civil*, Requests, rulings and instructions.

At the hearing together in a district court of an action by the administrator of the estate of a woman for her death alleged to have resulted from a collision of an automobile in which she was riding with an automobile driven by the defendant, and of an action brought against the same defendant by the operator of the first automobile for personal injuries resulting from such collision, there was evidence that the defendant's

automobile, negligently driven, ran into the first automobile and caused it to tip over and to lie in the path of a third automobile which, also negligently driven, ran into it and through its top, and pinned the decedent between the wheel of the third automobile and the back of the automobile in which she was. The evidence did not show whether the top of the automobile in which the decedent was was broken when it was overturned by the defendant or later when struck by the third automobile, nor whether the decedent was injured in the first or in the second collision or in both. The plaintiff operator was stunned and hurt in the first collision and remembered nothing after his automobile overturned until he extricated himself after the second collision. The trial judge found for the plaintiff in each action. *Held*, that

(1) Assuming in favor of the defendant that the fatal injuries to the woman were entirely received in the second collision, findings were justified, notwithstanding the fact that the driver of the third automobile was negligent, that what happened in the second collision either resulted from negligence of the defendent continuing and concurring with negligence of the third person, or was something which the defendant ought to have anticipated would happen when he negligently caused his automobile to overturn the automobile containing the decedent, and that his negligence was a proximate cause of the woman's death;

(2) Similar findings were justified with respect to the personal injuries to the plaintiff operator;

(3) The findings for the plaintiffs were warranted.

No reversible error appeared in a refusal by the judge, at the hearing above described, to rule at the defendant's request "That, as a matter of law, if the state of the proof renders it impossible to determine which of two independent acts was the proximate cause of the injuries and damage complained of, the plaintiff has failed to sustain the affirmative burden of proof assumed by him in bringing this action"; although the requested ruling was correct as an abstract proposition of law, the record disclosed that the judge did not find that the acts of the operator of the third automobile and of the defendant were "independent."

No reversible error appeared in the refusal by the judge, at the hearing above described, to rule at the defendant's request "That, as a matter of law, if on all the evidence it is just as reasonable to suppose that the cause of the injury and damage complained of is one for which no liability would attach to the defendant as one for which the defendant is liable, then the plaintiff has failed to make out his case"; although the requested ruling was abstractly correct, the record disclosed that the judge ruled that the burden was on the plaintiff to prove that negligence of the defendant was a proximate cause of the injury, and the application of the requested ruling to the facts of the case was not clear: the defendant failed to show that he was harmed by the refusal of the requested ruling.

TWO ACTIONS OF TORT. Writs in the Central District Court of Northern Essex dated October 28, 1932,

In the District Court, the actions were heard together by *Cavan*, J. Findings and rulings by him are stated in the opinion. He found for the plaintiff in the first action in the sum of $4,000, and for the plaintiff in the second action in the sum of $311. Reports to the Appellate Division for the Northern District were ordered dismissed. The defendant appealed in each action.

*E. L. Howie*, (*R. H. Sprout* with him,) for the defendant.
*W. J. McDonald*, for the plaintiffs.

LUMMUS, J. Shortly after one o'clock in the morning of August 14, 1932, the plaintiff Alfred C. Morrison, having his wife Lida L. Morrison and other persons as passengers, was operating an automobile going southerly on Osgood Street in North Andover, a macadam roadway twenty-four feet wide. The defendant, operating an automobile going northerly, at a rate of speed of fifty miles an hour, negligently drove to the left or west side of the road, struck the Morrison automobile, and turned it around, with the result that it crossed to the east side of the road, and overturned, so that it was lying on its right side with the top or roof of the automobile towards the east. Lida L. Morrison was on the rear seat on the right side, which was nearer the ground. Very shortly afterwards, one Pillsbury, operating another automobile going northerly, came to the scene, saw the overturned automobile and some people in the road, negligently failed to stop in season, and ran into the overturned automobile, with the result that his front right wheel came through the top of the overturned automobile and pinned Mrs. Morrison between the wheel and the back of the Morrison automobile, so that the Pillsbury automobile had to be backed away before she could be taken out. The evidence did not show whether the top of the Morrison automobile was broken open when it overturned, or whether the Pillsbury automobile broke it open. Neither did the evidence show whether Mrs. Morrison was injured when her automobile was overturned, or when the Pillsbury automobile ran into it, or at both times. When she was removed from the wreckage, she had been so seriously injured that she died within two hours. As to Alfred C,

Morrison, he remembered nothing after his automobile over-turned until he extricated himself after the second collision.

Alfred C. Morrison, as administrator of the estate of Lida L. Morrison, brought separate actions against Pillsbury and the defendant Medaglia, under G. L. (Ter. Ed.) c. 229, § 5, to recover for her death. As an individual, he brought separate actions against the same persons to recover for his own personal injuries. The cases were tried together in the District Court, and resulted in findings against Pillsbury in the sum of $500 and against Medaglia in the sum of $4,000 in the death cases. For his own personal injuries, Alfred C. Morrison was awarded $311 against the defendant Medaglia. In his action for his own personal injuries against Pillsbury, the judge found for the defendant Pillsbury, perhaps on the ground that it was not shown that the plaintiff's injury was not complete before Pillsbury arrived on the scene. The defendant Medaglia in the cases against him presented certain requests for rulings, which were refused, and took both cases to the Appellate Division, which dismissed the reports. Medaglia's appeals bring both cases here.

The defendant Medaglia urges that no causal relation could be found to exist between his negligence and the subsequent collision of the Pillsbury automobile with the overturned Morrison automobile, in view of the finding that Pillsbury was negligent. It was pointed out in *Leahy v. Standard Oil Co. of New York*, 224 Mass. 352, that the intervening negligence of a third person, which contributes to an injury, does not necessarily break the causal connection between the conduct of an earlier wrongdoer and the injury. A causal connection may nevertheless be found, either on the theory of *Burke v. Hodge*, 217 Mass. 182, that the negligence of the earlier wrongdoer remained a dangerous force until the negligence of the later wrongdoer concurred and combined with it to cause injury, or on the theory of *Lane v. Atlantic Works*, 111 Mass. 136, restated in *Horan v. Watertown*, 217 Mass. 185, that the earlier wrongdoer ought to have foreseen that his negligence would be followed by negligence of another resulting in injury, and

consequently that in law the act of that other is the act of the original wrongdoer because it is the natural and probable consequence of his wrongdoing. The latter theory was applied in *Lane* v. *Atlantic Works*, 111 Mass. 136, where the defendant was negligent in placing iron loosely on a truck which it wrongfully left standing in a street, and a passing boy negligently caused the iron to roll off; in *Turner* v. *Page*, 186 Mass. 600, 602, and *Mullen* v. *Zides*, 216 Mass. 202, where the defendant was negligent in causing or permitting a horse to run away, and a third person negligently changed the course of the horse so that he ran into the plaintiff; in *Gudziewski* v. *Stemplesky*, 263 Mass. 103, *Gordon* v. *Bedard*, 265 Mass. 408, and *Pudlo* v. *Dubiel*, 273 Mass. 172 (see also *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 517, 518), where the defendant negligently entrusted a dangerous thing to an improper person not his servant, and the negligent act of the latter injured the plaintiff; in *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 147, 148 (see also *Vatalaro* v. *Thomas*, 262 Mass. 383, 386, 387, *Atamian's Case*, 265 Mass. 12, 15, and *Jordan* v. *Orcutt*, 279 Mass. 413), where the defendant negligently injured the plaintiff, and a physician negligently aggravated the injury by his treatment; in *Wheeler* v. *Darmochwat*, 280 Mass. 553, where the defendant negligently permitted his automobile carrying a disorderly party of boys to be driven so close to a pedestrian that one of the boys injured him by negligently waving the hand; and in *Mitchell* v. *Lonergan*, 285 Mass. 266, where the defendant was negligent in letting an automobile with defective brakes, and the hirer could have been found negligent in using it to the injury of a passenger. See also *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403, *et seq.; Milbury* v. *Turner Centre System*, 274 Mass. 358. *De Haen* v. *Rockwood Sprinkler Co.* 258 N. Y. 350. On the contrary, in *Smith* v. *Peach*, 200 Mass. 504, *Carini* v. *Roman Catholic Bishop of Springfield*, 219 Mass. 117, and *Slater* v. *T. C. Baker Co.* 261 Mass. 424, the conduct of a third person was held to be such as the defendant was not bound to anticipate.

As is pointed out in *Leahy* v. *Standard Oil Co. of New York*, 224 Mass. 352, 362, 363, the question what conduct of third persons a defendant ought to have anticipated may have a further bearing upon the question whether the person injured is a person, or one of a class of persons, to whom the defendant owed a duty of care. See Am. Law Inst. Restatement: Torts, § 184; *Falk* v. *Finkelman*, 268 Mass. 524; *Farley* v. *Edward E. Tower Co.* 271 Mass. 230; *Kaufman* v. *Boston Dye House, Inc.* 280 Mass. 161; *Palsgraf* v. *Long Island Railroad*, 248 N. Y. 339. No question of that kind arises here. The deceased and her husband were the immediate victims of the negligence of the defendant Medaglia in overturning their automobile. Whether the death of one and the injury of the other can be traced to that negligence as a proximate cause is the only question here.

The evidence justified a finding that by negligence of the defendant Medaglia the Morrison automobile containing Lida L. Morrison was overturned at night in a street on which other automobiles were likely to travel. Before she could be removed from that place of danger, the Pillsbury automobile struck the overturned automobile. Assuming in favor of the defendant Medaglia that the fatal injuries were entirely received in the second collision, the judge was justified, notwithstanding the finding that Pillsbury was to some degree negligent, in finding that what happened was within that which Medaglia ought to have anticipated when he negligently overturned the Morrison automobile, and that his negligence was a proximate cause of the death of Lida L. Morrison. The same considerations apply to the claim of Alfred C. Morrison for personal injury, in addition to the fact that there was evidence that he was stunned and hurt in the first collision. This disposes of all the requests for rulings that have been argued, except the sixth and ninth requests.

The sixth request for a ruling presented by the defendant was "That, as a matter of law, if the state of the proof renders it impossible to determine which of two independent acts was the proximate cause of the injuries and damage complained of, the plaintiff has failed to sustain the af-

firmative burden of proof assumed by him in bringing this action." Abstractly, this request was correct, if by "to determine" is meant to find by a preponderance of the evidence. But it was evident from other rulings that the judge did not find that the acts of Pillsbury and the defendant Medaglia were "independent" of each other as causes. "There can be no reversible error in a ruling or a failure to rule upon an abstraction." *Commonwealth* v. *McKnight*, 283 Mass. 35, 40.

The ninth request was "That, as a matter of law, if on all the evidence it is just as reasonable to suppose that the cause of the injury and damage complained of is one for which no liability would attach to the defendant as one for which the defendant is liable, then the plaintiff has failed to make out his case." This also was abstractly correct, and might have been given. *De Filippo's Case*, 284 Mass. 531, 534, and cases cited. But the judge ruled that the burden was on the plaintiff to prove that negligence of the defendant was a proximate cause of the injury, and the application of the requested ruling to the facts of the case is not clear. The defendant fails to show that he was harmed by the refusal of the ruling.

In each case the entry will be

*Order dismissing report affirmed.*