REGINALD H. MAIR *vs.* THE WHITTEMORE COMPANY.

Suffolk.    November 15, 1934. — January 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way, Violation of traffic regulation, Proximate cause. *Evidence*, Relevancy and materiality.

At the trial of an action for personal injuries by a pedestrian on a sidewalk against the owner of a motor truck, there was evidence that, while the truck was parked on the left side of the street facing against traffic, with the left wheels from one and one half to two feet from the curbstone and with a large metal chute suspended along its right side

outside the body and wheels, the chute came in contact with an unfastened plank laid across the body of another motor truck which was passing the parked truck, and the plank thereby was caused to be thrown to the sidewalk and to strike the plaintiff. The plaintiff introduced in evidence a traffic regulation requiring that vehicles be parked "parallel with the edge of the roadway, headed in the direction of traffic, with both right wheels of the vehicle within one foot of the edge of the roadway or curb." *Held*, that

(1) It was proper to admit the traffic regulation in evidence;

(2) It could not properly have been ruled as a matter of law that the defendant's violation of the traffic regulation was a mere condition of the injury to the plaintiff and not a proximate cause thereof;

(3) A finding that negligence of the defendant was a proximate cause of the plaintiff's injury was warranted.

TORT. Writ in the Municipal Court of the City of Boston dated December 23, 1931.

Upon removal to the Superior Court, the action was tried before *O'Connell*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*J. P. Sullivan*, for the defendant.

*R. G. Wilson, Jr.*, for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while standing on the sidewalk on Washington Street, near Codman Square, in Boston. The case was tried with another case brought by this plaintiff against Edmund F. McKenna to recover for the same injuries. In each case the jury returned a verdict for the plaintiff in the sum of $1,500.

There was evidence from which it could have been found that the defendant's truck was parked on the left side of the street facing against traffic with the left wheels from one and a half to two feet from the curbstone; that on the truck was a cement mixer with a detachable metal chute suspended along the right side of the truck, which was parked by an employee of the defendant; and that on the opposite side of the street excavations were being made. There was further evidence that a truck owned by the city of Boston with a plank seven or eight feet long laid across its body undertook to pass the defendant's truck and that in so doing the plank came in contact with the metal chute suspended

from the defendant's truck, causing the plank to be thrown to the sidewalk and to strike the plaintiff.

A witness called by the plaintiff produced the traffic regulations of the city of Boston in effect at the time the plaintiff was injured. Section 22 was as follows: "Except as otherwise provided or when necessary in obedience to traffic regulations, traffic signs or signals, no operator shall stop, stand or park any vehicle in the roadway other than parallel with the edge of the roadway, headed in the direction of traffic, with both right wheels of the vehicle within one foot of the edge of the roadway or curb." This evidence was admitted *de bene* when offered, and at the close of the evidence the defendant moved that the evidence be struck out. To the denial of this motion the defendant excepted. It was agreed that Washington Street at the place of the accident was a public street.

We are of opinion that the evidence of the traffic regulation was admissible.

Upon the facts which the jury were warranted in finding it could not properly have been ruled that there was no evidence to warrant a finding of negligence on the part of the employee of the defendant. It is the contention of the defendant that there is no evidence of any negligence on its part which was a contributing cause of the plaintiff's injuries. It was said by Knowlton, J., in the leading case of *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, at page 604: "What is a contributing cause of an accident is usually a question for a jury, to be determined by the facts of the particular case; and such it has been held to be in many cases like the one before us." In the present case it could have been found that the large metal chute on the defendant's truck extended beyond the body and wheels on its right side; that the truck was parked on the left side of the street, with the left wheels a foot and a half to two feet beyond the curbing, in violation of the traffic regulations of the city; that while the truck was in that position the city truck with a plank upon it with nothing to hold it in place except a cleat at each end came in contact with the chute on the defendant's truck, causing the plank to be

thrown to the sidewalk and to strike the plaintiff. Upon this evidence it cannot rightfully be said that there was no causal connection between the collision and the injury to the plaintiff. This is not a case where the violation of the traffic regulation was only a condition as distinguished from the efficient cause of the accident. *Bourne* v. *Whitman*, 209 Mass. 155, 167. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 494. *Widronak* v. *Lord*, 269 Mass. 238. *Rea* v. *Checker Taxi Co.* 272 Mass. 510. *Milbury* v. *Turner Centre System*, 274 Mass. 358. The facts shown in *Falk* v. *Finkelman*, 268 Mass. 524, cited by the defendant, are plainly distinguishable from those appearing in the present case. The defendant's motion for a directed verdict in its favor was rightly denied.

*Exceptions overruled.*