Riley, J.
The plaintiff in an action of tort seeks to recover damage to its building in Springfield alleged to *527 be caused by tbe negligence of tbe defendant in tbe operation of a motor vehicle.
The defendant’s answer is a general denial.
There was tried, with this case, one by the plaintiff for the same damage against one Sommer whose automobile was in collision with that of the defendant just before the defendant’s car collided with the plaintiff’s building.
Upon evidence duly presented at the trial the court made the following finding:
“The defendant, Robbins, drove his car west on Bridge Street, through the intersection with Dwight Street, a thickly settled section in the heart of the downtown business district in Springfield, at a speed of at least thirty miles per hour; that the four corners of this intersection are blind; that vehicular traffic there is controlled by electric traffic lights, and that the defendant Robbins had the green light ahead, permitting him to proceed, if the operation of his car were otherwise proper. One Sommer, a defendant in a companion case tried at the same time with this case, was driving his car north on Dwight Street, and proceeded against the red light across Bridge Street, at a speed of about fifteen miles per hour; that the left front of Sommer’s car came in contact with the rear left of the Robbins car, in the intersection. The point of impact was twelve feet south of the northeast curb line of Bridge Street and 17 feet, 7 inches west of the easterly curb line of Dwight Street. After the impact, the Robbins car continued west for a distance of sixty-nine feet across Dwight Street into Bridge Street, and then swerved to the left, mounted the south curbing of Bridge Street, proceeded across a sidewalk ten feet in width, and crashed into the plaintiff’s building. A chalk made during the trial, by a police officer who investigated the accident and made a sketch ánd exact measurements at the scene, revealed that at, and immediately after the impact, as disclosed by two ‘drag’ marks of the Robbins rear tires, the Robbins car was not deviated from its due westerly course, after the impact, until it had traveled *528 for a distance of over forty feet, where it then swerved to the left to mount the curbing* and crash into the plaintiff’s building. The Robbins car traveled seventy-nine feet, from the point of impact to the place it hit the building. The ‘drag’ marks referred to, as made by Robbins’ two rear tires, were visible, in parallel lines on the roadway, for sixty-nine feet, by actual measurement of the police officer, and proceeded from the point of impact to the curbing of the sidewalk which it mounted and crossed. The force of the impact of the defendant’s car against the front of a store in the plaintiff’s building, demolished and broke into small pieces a marble base sixteen feet in width across the store front; the floor of the store was bowed back on an arc about twenty-four feet in length; the floor of the store, at a distance of eight feet back from the front, was pushed askew, and the spruce studding all the way across in front of the store, for a distance of sixteen feet, was broken.
“I find that the defendant Robbins’ speed of at least thirty miles per hour, at the place the accident occurred, was grossly excessive, under the circumstances, even although he had the green light in his favor; that he was guilty of a violation of the speed law, and that such violation was not merely a condition of the accident but that the very excess of his speed, above and beyond a proper and lawful speed under all the circumstances with the momentum of his car resulting therefrom (as shown by the nature and extent of the damage to the plaintiff’s building), was an active, contributing and efficient cause of the injury suffered by the plaintiff, in the damage to its building. The other operator, Sommer, was also responsible as a joint tort feasor with the defendant Robbins.”
The court found for the plaintiff and denied the following Requests of the defendant:
1. That if the Court should find that the defendant was driving at a rate of speed through the intersection greater than fifteen miles per hour that the defendant’s act in so doing created a condition and was not *529 the act of negligence that caused damage to the plaintiff.
2. That the driver of the other car involved in the collision with the defendant was negligent and his negligence operated upon the condition created by this defendant which resulted in the damage to the plaintiff.
The reason assigned by the court for the denial of these Requests was because they were not in accordance with the facts found by the court.
The defendant states in his brief that he appeals from the finding made against him. The correctness of the court’s finding is not before us provided there was any evidence to warrant such a finding. The only question reported by the court was the correctness of the above rulings made by him.
While there may be great force in them as Requests for Findings of Fact we do not think that the trial judge was bound to give them as Rulings of Law. Counsel for the defendant has addressed to us an elaborate argument based upon the theory that as matter of law the defendant’s negligence was not the proximate cause of the plaintiff’s damage.
The doctrine of proximate cause is well settled in this Commonwealth. The rules governing it are plain but the application of these rules is sometimes difficult. The subject has been elaborately discussed with abundant citation of authorities in numerous decisions. Among these are Leahy vs. Standard Oil Company of N. Y., 224 Mass. 352, S. C. 220 Mass. 90, 94, and Morrison vs. Medaglia, 287 Mass. 46. See also Robinson vs. Weber Duck Inn Co., Mass. A. S. (1936) Page 883. It has been invoked in many cases in which negligence in the operation of a motor vehicle has been involved. See for example Millbury vs. Turner Center System, 274 Mass. 358; Morrison vs. Medaglia, 287 *530 Mass. 46, Mair vs. Whittemore Co., 289 Mass. 261 and Luff vs. Mahlowitz, Mass. A. S. (1936) Page 2305. It is not necessary to re-state the principles here. In the ordinary action of negligence the proximate cause of an injury need not be the sole cause. It is ordinarily a question of fact.
Our decisions have firmly established the doctrine of what is sometimes called concurrent negligence. This doctrine was tersely set out in the case of Burke vs. Hodge, 217 Mass. 182, 184, as follows: “The plaintiff was entitled to have the issue found in his favor and to hold the defendant although the action would not have happened without the negligence of McArthur Bros. (the defendant in another case), if it also appeared that it would not have happened but for the negligence of the defendants which has been stated and that each of these different acts of negligence was the proximate cause of the accident in the sense that the accident was directly due to the combined effect of these two causes and not merely to the negligence of McArthur Bros.” We think that this statement could have been found to have applied to the facts in the present case and apparently the trial judge decided the case- upon these principles.
The distinction between a condition which does not contribute to an injury and a cause that may be found to have contributed to such injury is pointed out in Millbury vs. Turner Center System, 274 Mass. 358, Morrison vs. Medaglia, 287 Mass. 46 and Mair vs. Whittemore Co., 289 Mass. 261.
The case at bar somewhat resembles, in the principles involved, Luff vs. Mahlowitz, Mass. A. S. (1936) Page 2305. It is to be observed that in the present case the defendant’s automobile was not thrown directly against the plaintiff’s building by the collision of the Sommer car with it. *531 The defendant’s car traveled a considerable distance after the collision with its brakes on, mounted a curbing and went across a sidewalk before striking the plaintiff’s building. On the evidence it was open to the trial judge to find that the defendant’s conduct was negligent even after the collision between his car and that of Sommer. We think the case is governed by Morrison vs. Medaglia, 287 Mass. 46 and Luff vs. Mahlowitz, Mass. A. S. (1936) Page 2305 and similar cases and is distinguishable from Falk vs. Finkelman, 268 Mass. 524 and Conrey vs. Abramson, Mass. A. S. (1936) Page 1099. See also Turner vs. Page, 186 Mass. 600.
The result is that we find no error in the denial by the trial judge of the defendant’s Requests for Rulings and the Report is ordered dismissed.