Adlow, J.
Contract for breach of the terms of a bailment. There was evidence that on May-23, 1938 the plaintiff’s car was driven onto a parking lot operated by the defendant on Hudson Street in Boston. On the payment of a fee it was left with an attendant employed there. The *170 key was left in the car to enable the defendant to move the car about on the lot. Later in the day to enable another customer to remove his car, the defendant drove the plaintiff’s car out onto the street and parked it near the curb, before the car could be returned to the lot a passing vehicle, operated by a stranger, struck the plaintiff’s car and damaged it. There was evidence offered by the plaintiff that it had never authorized the defendant to move the car from the lot. In this action the plaintiff seeks to recover for the damage to its car. Originally sounding in contract or tort, the plaintiff waived its count in tort. The case comes to us on the sole question of whether these facts will warrant a finding for the plaintiff in an action of contract. The court made express findings to the effect that the defendant had broken the terms of the bailment, and that the defendant did not exercise due care.
A bailee is bound to exercise that degree of care which may reasonably be expected from ordinarily prudent persons under similar circumstances. Hannah v. Shaw, 244 Mass. 57, Hecht v. Boston Wharf Co., 220 Mass. 397, Conway Bank v. American Express Co., 8 Allen 512. This statement of the law requires amplification. Since bailments embrace a wide variety of transactions and the terms of bailments will vary, the question of due care cannot be answered unless the particular agreement or undertaking is considered. Whether a bailee has exercised due care depends on the degree of care and exertion which he has agreed to bestow. Foster v. Essex Bank, 17 Mass. 479, Jenkins v. Bacon, 111 Mass. 373. See also: 5 Harvard Law Review, 222 at 231. What was the degree of care and exertion which the defendant agreed to bestow? This depends on the contract of bailment. This contract need not be express ;• it may be implied. In the absence of a written or oral arrangement the terms may be ascertained from the acts of *171 the parties construed in the light of attending circumstances.
When a- car owner pays a parking fee rather than leave his car on a public street it must be apparent to everyone that he expects to derive certain distinct benefits from the arrangement. The desire of many car owners to avoid the hazards of street parking supplies the only rational basis for the recent development of the “parking lot” business. These hazards include the danger of violating parking regulations and its legal consequences, the danger of theft, and the danger of damage. To avoid these the car owner pays a fee to keep his car off the public street. Viewed in this light it is apparent that the bailment was confined to the parking lot, and any act of the defendant resulting in the removal of the car from the parking lot to the street while the car remained in his custody was a breach of the terms of the bailment. Jenkins v. Bacon, 111 Mass. 373.
' Similarly, where a bailment is created in order to avoid certain hazards of the highway and the bailee in the management of his business places the car so bailed back into the very place which the bailor by his contract sought to avoid, the court would be warranted in finding that the bailee, by moving the car from a place of safety to one of danger, was wanting in due care. In the light of the undertaking conduct which deprives the bailor of the safety and other advantages of the location of parking is negligent. Butler v. Green, 49 Nebraska 280, Wiley v. Locke, 81 Kansas 143. A bailor can sue in an action of contract for the failure of his bailee to use due care in the performance of his contract of bailment. Hecht v. Boston Wharf Co., 220 Mass. 397, Conway Bank v. American Express Co., 3 Allen 512, Foster v. Essex Bank, 17 Mass. 479. And he can recover for all damage which is the natural or direct result of the breach of contract, or such damage as may reasonably be *172 supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Hadley v. Baxendale, 9 Ex. 341 (1854).
The contention of the defendant that he is not liable for damage caused by a third person cannot be entertained seriously. If, when the bailee made his contract, he should have known that the probable consequence of his breach of the terms of the bailment would be that damage would be caused by a negligent operator on the highway, then he is liable for the damage. Damage resulting from the intervening negligence or misconduct of strangers has been held a direct or proximate consequence of a bailee’s negligence on many occasions. See cases collected in Morrison v. Medaglia, 287 Mass. 46 at 49, Morse v. Homer’s Inc., 1936 A. S. 2105.
In our opinion, there was ample evidence to warrant the court’s finding for the plaintiff.
Report dismissed.