JOSEPH GUDZIEWSKI *vs.* ADAM STEMPLESKY & another.

Middlesex.     January 17, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Parent and Child. Negligence,* Permitting child to use dangerous weapon. *Evidence,* Competency.

At the trial of an action of tort at common law against the parents of a boy thirteen years of age for personal injuries resulting from the plaintiff's being struck by a bullet shot from an air gun by the defendants' son, evidence was admissible that the defendants' son in the yard of the defendants' house had placed children in line and pointed the gun at them from a distance of ten or eleven feet saying "they were bad children and that is how I lined them up," and that he had been seen with the gun in the vicinity of his home by his mother, and with her knowledge had shot at clothes she had hung in the yard to dry.

In the action above described, evidence also was admissible that the defendants' son while in the street had been shooting near his father's store, which was on the same lot as the house, at a shanty and birds.

The defendant father did not testify at the trial of the action above described. Besides the evidence above stated, there was evidence that the defendant mother had actual knowledge that her son had an air gun and used it indiscriminately and mischievously. *Held,* that a verdict against both defendants was warranted.

TORT against Adam and Madeline Stemplesky, parents of Stephen, for personal injuries resulting from the plaintiff's being shot with an air gun by Stephen. Writ dated February 5, 1925.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion. The judge denied motions by the defendants for verdicts in their favor. The jury found for the plaintiff against both defendants in the sum of $5,000. The defendants alleged exceptions.

The case was submitted on briefs.

*E. J. Tierney*, for the defendants.

*H. A. Wilson & J. J. Donohue*, for the plaintiff.

BRALEY, J. The plaintiff, a boy about ten years of age, was shot in the eye sometime in November, 1924, while he was playing in the back yard of his house located at 11 River Street in the town of Maynard. The plaintiff testified that the house of the defendants was across the road from the plaintiff's home, and the jury could find that he saw Stephen Stemplesky, one of the children of the defendants, "kneeling down on the floor in the attic window" of the defendants' house "with the barrel of a gun up before he was shot." The window was open a little and the barrel was in the open space. The gun held by Stephen was a pump gun in which BB shot were put, and, when the plaintiff was hit and felt there was something in his eye, he put his hand to his eye and upon taking it away a BB shot fell out. The plaintiff further testified that he saw Stephen in Stephen's own yard with a pump gun more than two weeks before the accident, and that the shot was fired by Stephen. While it was undisputed that Stephen, who was thirteen years of age, lived with his parents, there was no evidence that the defendants or either of them purchased or supplied Stephen with an air gun, or furnished him with ammunition therefor, and the jury were so instructed. It is plain there was no violation of G. L. c. 140, § 130, as amended by St. 1922, c. 485, § 8, which makes it a misdemeanor to furnish any "firearm, air gun or other dangerous weapon" or ammunition to a minor under the age of fifteen.

The action however is at common law. The declaration

alleges that "the defendants are the father and mother of Chester and Stephen Stemplesky; that on or about the eighth day of November, 1924, said Chester and Stephen Stemplesky, the sons of the defendants, both minors under sixteen years of age, were not proper persons to have possession or control of . . . air guns, or to use, fire or discharge the same, all of which the defendants well knew or in the exercise of reasonable care ought to have known; that the defendants on or about said eighth day of November negligently and unlawfully suffered the said Chester and Stephen Stemplesky to have in their possession and control, and negligently and unlawfully gave in to the possession or control of their said minor children a gun and ammunition to be used therewith; that said minor children negligently used, fired and discharged said gun, which the defendants negligently allowed and permitted their said minor children to have and use, and shot and severely wounded one Joseph Gudziewski . . . while . . . in the exercise of due care . . . ."

It is not shown that Chester had or used an air gun as alleged, and the use of the gun by Stephen was the tortious act around which the controversy centered, and for which the plaintiff contends the defendants are responsible. The plaintiff's due care is not questioned, and there was evidence for the jury that the plaintiff's injuries were caused by Stephen's conduct in the use of the gun which was discharged carelessly, if not recklessly. The record shows that other children, although not injured, were struck by shots concurrently fired by Stephen from the window. The questions are, whether the defendants or either of them knew or ought to have known that Stephen had an air gun, and, if such knowledge were found, whether either or both parents also knew or ought to have known that it was unsafe and dangerous to permit Stephen to have and use it. *Sousa* v. *Irome*, 219 Mass. 273. *Bradstreet* v. *Hall*, 168 Ind. 192. *Chaddock* v. *Plummer*, 88 Mich. 225. *Hoverson* v. *Noker*, 60 Wis. 511. *Thibodeau* v. *Cheff*, 24 Ont. L. R. 214. G. L. c. 209, § 6. *McCarty* v. *DeBest*, 120 Mass. 89. *Nolin* v. *Pearson*, 191 Mass. 283, 285.

The evidence warranted a finding that Stephen's mother

had actual knowledge that he had an air-gun and used it indiscriminately and mischievously. It also could be found on evidence introduced by the plaintiff, to which the defendants excepted but which was admissible, that Stephen in the yard of the defendants' house had placed children in line and pointed the gun at them from a distance of ten or eleven feet saying "they were bad children and that is how I lined them up," and that Stephen had been seen with the gun in the vicinity of his home by his mother, and with her knowledge had shot at clothes she had hung in the yard to dry. *Sousa* v. *Irome, supra.*

It also was competent for the plaintiff to show that Stephen while in the street had been shooting near his father's store, which was on the same lot as the house, at a shanty and birds. If the proximity of these occurrences to the father's place of business are considered with the other instances appearing in the evidence when Stephen had discharged the gun between the house and the store, it cannot be held as matter of law that there was no evidence on which the jury could charge the defendant Adam Stemplesky, who did not testify, with knowledge that his son Stephen was in possession of and was using an air gun.

It also was for the jury to determine whether the use of the gun prior to the shooting at the plaintiff showed that Stephen by reason of his age and conduct was not fitted to be in possession of, or to use an air gun which he could manipulate as he pleased. *Sousa* v. *Irome, supra. Meers* v. *McDowell*, 110 Ky. 926. *Salisbury* v. *Crudale*, 41 R. I. 33. *Smith* v. *Salvaggio*, 4 Tenn. Civ. App. 727.

The trial judge rightly declined to direct a verdict for each defendant, and no error of law appearing the entry must be

*Exceptions overruled.*