JOHN SOJKA *vs.* JOSEPH DLUGOSZ.

STANISLAUS SOJKA *vs.* SAME.

Franklin.    September 18, 1935. — February 24, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Firearms.  *Practice, Civil*, Auditor: drawing of inferences from findings.  *Proximate Cause*.

An auditor whose findings were to be final might draw inferences of fact from other facts found.

In an action for personal injury sustained when the plaintiff was accidentally shot by the defendant's thirteen year old son, it appearing that the defendant took a rifle and ammunition home and left them accessible to the boy without taking suitable precautions to prevent his use of them, and that the defendant's wife knew the boy was using the rifle for a substantial period before the plaintiff was shot, conclusions were warranted that the defendant was negligent and that his negligence was the proximate cause of the plaintiff's injury.

TWO ACTIONS OF TORT.  Writs dated February 3, 1932.

In the Superior Court, the actions were referred to an auditor whose findings were to be final.  There were "findings" for the plaintiffs in the sums of $122.91 and $850, respectively, by *T. J. Hammond*, J.  The defendant appealed in each action.

The cases were submitted on briefs.

*W. L. Davenport*, for the defendant.

*A. S. McLaud & R. H. P. Jacobus*, for the plaintiffs.

RUGG, C.J.   These are actions of tort arising out of the accidental shooting of the minor plaintiff, who will hereafter be called the plaintiff.  The action in his name is for personal injuries.  The plaintiff in the other action is his father, who sues for consequential damages caused by the injury to the plaintiff.  There are two counts in each declaration, one based on common law negligence and the other on the violation of G. L. (Ter. Ed.) c. 140, § 130. The cases were referred to an auditor, whose findings of fact were to be final.  The finding of the auditor in each

case was for the plaintiff on the first count. The finding on the second count was in favor of the defendant; therefore it need not be considered. Objections filed by the defendant to the auditor's report were overruled, that report was confirmed, a "finding" was made for the plaintiff and damages were assessed in the amount found due by the auditor. Orders were entered accordingly. Appeals by the defendant bring the cases here. The facts displayed in the report of the auditor are these: The defendant at about noon of an October day in 1930 purchased a rifle and cartridges and took them to his home in the village of Turners Falls, where he lived with his wife and children. On his arrival some of his children, one being a son named Stanley then thirteen years of age, were at home for the noon school recess. He met Stanley before entering the house. The ages of the boys of the defendant, the subsequent use of the rifle by the boys during the afternoon, and all the circumstances attendant upon the purchase and use of the rifle led the auditor to find by inference from other facts that the defendant made some explanation of its use to some or all of his boys when he brought the rifle home. He then placed it in the pantry. Soon after the defendant went to his room to sleep in preparation for his work at night, and did not awaken until immediately after the shooting here in question. He did not forbid his son Stanley to use the rifle, nor did he give anyone any instructions. He left the cartridges which he had purchased at the same time as the rifle in the pocket of his sweater and left that hanging in the living room. He did not forbid his boys, or any of them, to use the rifle and did not warn any of them against its use. He did not give any requests to his wife with a view to preventing the use of the rifle or cartridges by any of his boys. He bought the rifle for the purpose of hunting squirrels and he had a hunting and fishing license, but had no intention to restrict the use of the rifle to his own personal use. The wife of the defendant was in the house attending to household duties during the afternoon and evening up to the time of the shooting. After school hours on this date Stanley Dlugosz

and three of his brothers and John Sojka, the latter a brother of the plaintiff, all used the rifle to shoot at tin cans and other targets in the yard behind the home of the defendant and in the nearby school yard. It does not appear which boy or boys obtained the rifle or the ammunition, but the use of these articles, if not their removal from the house, was known to the wife of the defendant. Shortly after six o'clock that same afternoon, Stanley Dlugosz with three of the other boys joined in shooting at targets, which on account of the approaching darkness were illuminated with candles. This also was with the knowledge of the wife of the defendant. Later a brother of the plaintiff came to the home of the defendant. Stanley Dlugosz was present and told him of the gun and lifted the rifle and showed it, but put it down when requested by his mother. A younger brother of Stanley showed the visitor two pigeons which he said he had shot with the rifle. Later still another boy came in and asked Stanley to let him see the gun. Stanley obtained the gun and they went together to one side of the house and Stanley shot once at a tree. They then went to the tree to see if they could locate the mark of the shot upon it. The plaintiff, then nine years of age, who was near his own home and about three hundred feet away, came to the place where the other two boys were. The gun was loaded, apparently by Stanley Dlugosz. He then made some suggestion in the nature of a warning to the plaintiff, who was standing nearby. To open the chamber of the gun required a downward pressure on a pin extending out from the rear of the barrel. Stanley Dlugosz made some movement with this device at the breach of the rifle, which he said was for the purpose of showing the plaintiff that the rifle was loaded; but the latter did not know of this purpose and was not aware of any warning. Stanley Dlugosz then closed the breach and almost immediately the cartridge was exploded and the plaintiff was injured by the bullet's entering his body. The ultimate findings are that the plaintiff received an injury arising from the accidental explosion of a cartridge delivered from the rifle then in the hands of Stanley Dlu-

gosz, who was so negligent in handling the rifle as to cause this shot to be fired. No negligence of the plaintiff contributed to this injury. The defendant was negligent in the manner in which he disposed of the rifle and ammunition after their purchase by him, and in the failure to take reasonable precautions against the use of them by his minor children, and that negligence was the proximate cause of the injury to the plaintiff.

The defendant filed objections to the report of the auditor. See Rules 89 and 90 of the Superior Court (1932). These were based upon several inferences drawn by the auditor from ultimate and subsidiary facts found by him. These inferences were to the effect (1) that the defendant on the day in question made some explanation of the use of the rifle to some or all of his boys, (2) that the defendant knew that his boys would have the latter part of the afternoon free and gave no instructions to his wife to prevent their use of the rifle, (3) that the defendant had no intention to restrict the use of the rifle to his own personal use, (4) that the use of the rifle and cartridges by the boys was known to the wife of the defendant, these inferences being drawn not with reference to her own care or lack of care but as bearing upon the care or lack of care of the defendant as to the rifle.

The form of the order appointing the auditor in the cases at bar was after appropriate hearing to "find the facts and report his findings . . . . The findings of fact . . . are to be final." This made the auditor the fact finding tribunal in the cases. It was his duty to find and report all material ultimate and subsidiary facts and to draw the appropriate inferences in order to enable the rights of the parties to be adjudicated finally according to law. The "findings of fact are final and conclusive unless tainted in some material particular by error of law. They stand upon the same footing as the verdict of a jury." *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. *Marden* v. *Howard*, 242 Mass. 350, 353. *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126, 129. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 339. Whether the defendant was negligent was a question to be

determined in the light of the testimony given by the witnesses, and their appearance in giving their evidence, and all the attendant circumstances.

The procedure in the cases at bar conformed to the principles stated in *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 151, 152, 153. *Heaphy* v. *Kimball, ante,* 414.

There was no error of procedure on the part of the auditor in drawing inferences to which the defendant objected. An auditor is not limited to a naked summary of the facts but may state the reasons for his conclusions. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329.

In our opinion the facts set forth in the report support .the conclusion that the defendant was negligent with respect to his rifle, from which negligence, as the proximate cause, the injury to the plaintiff resulted. The circumstances that the defendant showed the rifle to his children including the son Stanley, then thirteen years old, that he gave no warning as to the dangers of its use in a village, that he delivered no instructions to them not to use it without at least some supervision, that he did not ask his wife to be watchful in its care, but left it easily accessible to those too young and inexperienced to be entrusted with it, show a culpable disregard of the safety of others touching a highly dangerous instrumentality. *Sousa* v. *Irome,* 219 Mass. 273. *Gudziewski* v. *Stemplesky,* 263 Mass. 103. *Pudlo* v. *Dubiel,* 273 Mass. 172, 175. *Gordon* v. *Bedard,* 265 Mass. 408, 411–412. *Morrison* v. *Medaglia,* 287 Mass. 46, 50. See also *Woodman* v. *Haynes,* 289 Mass. 114.

In each case the entry may be

*Orders and "finding" affirmed.*