Bilby, J.
The plaintiff in this action, which he describes as one of contract or tort, seeks to recover upon a Declaration reading as follows:
“The plaintiff says that he loaned to the defendant for his sole use and benefit an automobile owned by the plaintiff, on certain terms and conditions, that the defendant owed a duty to the plaintiff to use a high degree of care to see that no damage was caused to the plaintiff’s motor vehicle, that the defendant in *269 violation of the said conditions negligently permitted his minor son to operate the said motor vehicle, whereby the said motor vehicle was damaged and deprecited in value.
“The plaintiff says that the defendant failed to use the degree of care required to be used by him under the circumstances and that for this reason and for the further reason that the defendant violated the conditions of the bailment the defendant is liable to the plaintiff for the damage suffered by the said motor vehicle. ’ ’
The answer is a general denial.
The trial judge found for the defendant and made the following special Findings of Fact:
“I find that the defendant brought his car to the plaintiff to be repaired and the plaintiff gave to the defendant a car to be used by him in the meanwhile without any limitations upon the use thereof, that is, the defendant was to use the car the same as if it was his own. The defendant’s son is about sixteen years of age and has had a license to drive for about three months. This the plaintiff knew. The son was a good driver. The defendant permitted this son to take the car one evening. By virtue of an accident which is unexplained the car was wrecked. It did not appear who w'as responsible therefor. The bailment was not for the sole benefit of the defendant but it was part of an arrangement whereby the plaintiff was to perform work upon the defendant’s car and the bailment was part of this arrangement. ’ ’
The plaintiff duly filed the following Bequests for Bulings:
1. On all the evidence the plaintiff is entitled to recover for:
a. A bailment agreement was entered into between the plaintiff and defendant for the sole benefit of the defendant.
*270 b. The defendant owed to the plaintiff the highest degree of care in the use of the article bailed.
c. The defendant failed to exercise the degree of care required resulting in damage to the article bailed.
d. The defendant violated the conditions of the bailment, resulting in damage to the article -bailed.
2. In a bailment for the sole benefit of the bailee, the bailee owes the duty to use the highest degree of care.
3. By permitting his minor son to use the -ear bailed by the plaintiff to the defendant, the defendant failed to use the highest degree of care and was, therefore, liable to the plaintiff for any damage- caused to the article bailed.
4. If the defendant borrowed a motor vehicle from the plaintiff for the purpose of using it to go to work the defendant in permitting his minor son to use the car violated the terms of the bailment and became liable to the plaintiff for damage caused to the automobile.
5. If the defendant violated the condition -of the bailment he is liable to the plaintiff for damage to the article bailed even though the damage was caused by a third person and even though the act of the third person may have been -criminal and not foreseeable by the defendant.
6. If the defendant gave the car to a person not authorized to receive it under the terms of the bailment the defendant is liable to the plaintiff for damage to the article bailed without regard to the question of due care or negligence of the defendant.
7. If the defendant violated the terms of the bailment a sincere or well-founded belief on the part of the defendant that the delivery of the car to an unauthorized person was right is no defense even to a gratuitous bailee. A fortiori where the bailment is for the sole benefit of the bailee.
*271 The judge granted the 5th Bequest.. He ■ denied Bequest. #1 a, b, e, and d and Bequest #3. Bequests #2 and. #4 were denied as not in accordance with the facts. As to Bequest #6, the judge stated that it was a correct statement of law but the terms of the bailment were, not violated and the Bequest was not applicable to the facts found. He made the same disposition of Bequest #7, stating the boy was not an unauthorized person and the bailment was not for the sole benefit of the bailee.
The plaintiff argues that the judge’s finding, that the bailment was not for the sole benefit of the defendant, was erroneous as matter of law. This contention may be open to the plaintiff under his Specification A in his Bequest #1. However, a more appropriate manner of raising the question would have been by a specific request. Forbes vs. Gordon & Gerber, Inc., 298 Mass. 91 at 94, 95 and cases cited.
Assuming that the question argued by the plaintiff is open to him upon Beport, we do not think that the evidence required the ruling that as matter of law the bailment agreement was for the sole benefit of the defendant. It appears from the evidence that the automobile which the defendant brought to the plaintiff for repairs had been previously purchased by the defendant from the plaintiff and that since its purchase it had been brought to the plaintiff for repairs and that on one occasion at least, the plaintiff had permitted the defendant to use another car; that on the Wednesday preceding Labor Day the defendant brought the car to the plaintiff’s place of business for some repairs and was advised it would take several days to do the work; that the defendant thereupon asked the plaintiff if he would let him use an automobile in the meantime; that at first the plaintiff said he had no avail *272 able registration plates but after a search by the defendant a set of plates was discovered and that the plaintiff then told the defendant he might take them and use another automobile owned by the plaintiff while the defendant’s automobile was being repaired. In view of all the evidence, we think the judge was warranted in finding that the automobile would not have been left with the plaintiff for repairs at this time unless the defendant was able to procure the loan of another automobile from the plaintiff and, therefore, the judge was warranted in finding that the bailment was not solely for the benefit of the defendant.
The nature of the bailment is important only in determining the degree of care which the bailee must exercise. Even assuming that the bailment in question was for the sole benefit of the defendant, we do not think that the judge was required to rule as matter of law that the plaintiff was entitled to recover as requested by the plaintiff in his First Request for Ruling. When the issue of negligence is raised in a case in which the plaintiff has the burden of proof, it is rarely a ruling can be made that the plaintiff is entitled to recover as matter of law. Whitten vs. Haverhill, 204 Mass. 95 at 103. Mericantante vs. Boston & Maine RR., 291 Mass. 261 at 262 and cases cited.
Neither do we think that the judge was required to give the Third Request for Ruling. We would hesitate to say, as matter of law, that it was negligence to allow a minor, who w¡as duly licensed after an examination by the licensing authorities, to operate an automobile. Even permitting the use by a minor of tender years of firearms has not been considered negligence as matter of law but a question of fact. Sousa vs. Irome, 219 Mass. 273. Sojka vs. Dlucosz, 293 Mass. 419 at 423 and cases cited.
*273 These cases also furnish authority for the' alleged erroneous admission, in cross-examination of the plaintiff, of questions relative to his knowledge of the skill of the defendant’s son as a driver, and of the fact that he was licensed. From the defendant’s standpoint, it was competent to show that his son was duly licensed to operate an automobile and that he was a competent driver and he w'as not restricted to direct evidence covering these points but could prove it in cross-examination of the plaintiff. It is to be observed that there is no evidence in the case that the defendant’s son was negligent in the use of the automobile at the time it was damaged. The injury to the automobile may have been caused solely through the fault of a third person.
On the evidence reported, the plaintiff must rest his case as to the negligence of the defendant on one single point; that is that the defendant was negligent as matter of law in allowing his son to operate the automobile. The judge found, as a fact on disputed evidence that the defendant was to be allowed to use the automobile as if it were his own. While a finding for the plaintiff might well have been made upon the evidence reported, we cannot say that it was required as matter of law.
As no reversible error is found, the Report will be ordered dismissed.