LOCKWOOD MYRICK *vs.* SUPERINTENDENT OF WORCESTER STATE HOSPITAL.

Worcester.    February 9, 1956. — April 6, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Insane Person.   Probate Court,* Proceeding for adjudication of sanity, Requests and rulings, Judicial discretion, Parties.   *Error,* Whether error harmful.   *Words,* "Friend."

In a proceeding ancillary to a petition by an alleged friend of a patient in a hospital for the care of the insane praying for an adjudication of his sanity under G. L. (Ter. Ed.) c. 123, § 94A, inserted by St. 1947, c. 681, as amended, statements by the judge of probate, "I find that I have no authority" to order the superintendent of the hospital to allow the petitioner to visit the patient and "I am unable to find" that the petitioner "is a friend" of the patient, were in effect rulings of law.   [44, 45]

A judge of probate dealing with a petition by a friend of a patient in a hospital for the care of the insane seeking an adjudication of his sanity under G. L. (Ter. Ed.) c. 123, § 94A, inserted by St. 1947, c. 681, as amended, had power in his discretion to order the superintendent of the hospital to allow the petitioner to visit the patient if it would be in the interest of the patient and consistent with the orderly administration of the hospital to do so.   [44–45]

An erroneous ruling by a judge of probate that he had no authority to order the superintendent of a hospital for the care of the insane to allow a visit to a patient therein by a friend of the patient seeking an adjudication of his sanity under G. L. (Ter. Ed.) c. 123, § 94A, inserted by St. 1947, c. 681, as amended, was rendered harmless by a finding of the judge, made in dismissing an ancillary petition for such an order, that it would be for the patient's "best interest to refuse" the visit.   [45]

One who was president of a "mental aid" society, if acting in the interest and for the benefit of a patient in a hospital for the care of the insane, although not a close personal friend of the patient, would be a "friend" of his having standing to institute a proceeding for an adjudication of his sanity under G. L. (Ter. Ed.) c. 123, § 94A, inserted by St. 1947, c. 681, as amended.   [45]

PETITION, filed in the Probate Court for the county of Worcester on April 10, 1953, for an adjudication of sanity.

An ancillary petition filed on April 15, 1953, was dismissed by *Wahlstrom, J.*, and the petitioner appealed.

*Lockwood Myrick,* pro se.

*John V. Phelan,* Assistant Attorney General, for the respondent.

COUNIHAN, J.   On April 10, 1953, Lockwood Myrick as president of the Massachusetts Mental Aid Society, Inc., and as a friend of one George A. Bigley, a patient in the Worcester State Hospital (a hospital for the care of the insane), filed in the Probate Court a petition in behalf of Bigley, praying that Bigley be adjudged sane.   G. L. (Ter. Ed.) c. 123, § 94A, inserted by St. 1947, c. 681, as amended by St. 1952, c. 535.[1]   Ancillary to such petition on the same day he filed a petition seeking (1) to be allowed to visit Bigley in private on any day between the hours of 9 A.M. and 5 P.M.; (2) to be allowed to inspect the case record (of Bigley) on any day during the same hours; and (3) to be furnished with a complete copy of the case record within a week after a request for the same is made.   A judge of the Probate Court allowed the third prayer but took no action on the others.

On April 15, 1953, Myrick filed another petition in the same proceedings seeking the same relief he sought in the first two prayers of the earlier ancillary petition.   This was

---

[1] "Any person adjudicated by any court to be an insane person, whether or not in custody, may petition for adjudication of his or her sanity.   The petition for such adjudication may be made by such person or by any parent, guardian, conservator, relative or friend of such person and shall be filed in the probate court for the county in which the person resides, is confined, or in which the adjudication of insanity was made.   At any time prior to the hearing, the department of mental health shall be notified of such petition and may participate in the proceedings of the hearing. . . . Notice of such petition shall be given to the husband or wife, if any, and to the guardian or conservator, if any, of such person, and the court may order notice to be given to all other persons who may be interested.   If the court, after hearing, finds that such person is sane a decree to that effect shall be entered and if in custody or on leave of absence or on visit, so called, such person shall forthwith be discharged.   If the court finds that such person is still insane it shall enter a decree to that effect and shall dismiss the petition, and no further petition for an adjudication of sanity shall be filed by or in behalf of such person within one year of such dismissal."

heard by another judge of the Probate Court on April 15, 1953. After hearing this petition was dismissed. The judge made a report of material facts some of which appear to be rulings of law. Included in the report are the following: "I am unable to find that said Myrick has either power of attorney . . . or that he is a friend of Bigley." "At the hearing . . . the superintendent at the hospital and a member of the board of trustees who is an attorney appeared before me in opposition to this petition. Evidence was introduced to the effect that by the rules of the hospital if the relatives of a patient will consent, the superintendent will allow visits to the patient from other persons, unless such visits would be harmful to the patient. I find that the superintendent of the hospital was instructed by the sister of Bigley in behalf of herself and mother not to permit said Myrick to visit Bigley because he confused and upset him." He further said, "I find that I have no authority to order the superintendent . . . to allow Myrick to visit the patient and inspect the records in accordance with the broad prayers contained in this petition as said Myrick is not an attorney at law as required under G. L. c. 123, § 97." He concluded by saying, "I further find that those closest to the patient deem it unwise that said Myrick be permitted to visit him and that it would be for his best interest to refuse such visits."

We are of opinion that the finding of the judge that he had no authority to allow Myrick to visit Bigley was in effect a ruling of law and that as such it was erroneous.

We think that c. 123, § 94A, which permits a friend of an insane person to petition the Probate Court for an adjudication of the sanity of such person, necessarily by implication permits such friend to make suitable investigation and seek information from whatever source possible so that he may properly prepare and present such a petition to a judge of the Probate Court. We believe that action upon such a petition or any ancillary petitions in connection therewith rests in the discretion of the judge. The interest of the alleged insane person and the orderly administration of the

institution where such person is confined should control the exercise of the discretion of the judge. In the case at bar the judge found that "it would be for his [Bigley's] best interest to refuse such visits." Such a finding renders harmless the ruling of law of the judge that he had no authority to allow Myrick to visit Bigley.

We are of opinion also that the finding of the judge that Myrick was not "a friend of Bigley" was in effect a ruling of law and as such it was erroneous. We have found but two cases in our jurisdiction in which this question has been considered. Both involved the appointment of a next friend in circumstances different from those here involved. In both cases it was set forth that a prochein ami or next friend is said to be "any person who will undertake the infant's cause." *Guild* v. *Cranston*, 8 Cush. 506, 507. *Tripp* v. *Gifford*, 155 Mass. 108, 109.

In *Ned* v. *Robinson*, 181 Okla. 507, 508–509, in a well reasoned opinion it was held that one need not be a close personal friend to institute proceedings similar to those in the case at bar. It is enough that he be a person having the interest of the alleged incompetent in mind or one who acts for the benefit of the incompetent, citing *Zazove* v. *Minneapolis, St. Paul & Sault Ste. Marie Railway*, 218 Ill. App. 534, *Wagner* v. *Wayne Probate Judge*, 151 Mich. 74, 79–80, *Clark* v. *Campbell*, 82 N. H. 281, 286–287, and *People* v. *Bond*, 104 App. Div. (N. Y.) 47, as well as the Massachusetts case of *Guild* v. *Cranston, supra.*

There is no merit in the constitutional question suggested in the brief of the petitioner without citation of relevant authority.

*Decree affirmed.*