ERLING E. NORLIN & another *vs.* JOSEPH J. CONNOLLY & others.

Norfolk.    October 10, 1957. — December 26, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Air rifle, Of parent.    *Parent and Child.*

In an action for personal injuries sustained when the plaintiff was struck by a shot fired by the defendants' fourteen year old son from an air rifle which he had taken from a closet in his home and was using contrary to his father's instructions during the defendants' absence on a journey, the evidence did not warrant a finding that they had any reason to anticipate that their son would so take and use the rifle while they were away or that they were negligent toward the plaintiff.

TORT.    Writ in the Superior Court dated August 5, 1954.

The action was tried before *Morton, J.*

*Joseph B. Nadol*, for the plaintiffs.

*Donald R. Anderson*, for the defendants.

WILLIAMS, J.    This is an action of tort by one Erling E. Norlin, Junior, a minor, hereinafter called the plaintiff, to recover damages for the loss of his eye caused by a shot fired from an air rifle by the defendant Walter Connolly; and by the plaintiff's father, Erling E. Norlin, to recover for consequential damage.    Joseph J. Connolly and Katherine L. Connolly, the parents of Walter Connolly, who is also a minor, are joined with him as defendants.    Of the ten counts in the plaintiffs' declaration we are concerned only with counts 2, 3, 5, 8, 9, and 10.    On counts 2 and 8 which are based on the alleged negligence of Walter Connolly there were verdicts for the defendant.    On counts 3, 5, 9, and 10 based on the alleged negligence of the parents verdicts for the defendants were directed.    The case is before us on the plaintiffs' exceptions to the direction of these verdicts.

The injury to the plaintiff occurred on February 20, 1953, at which time Walter Connolly was fourteen years old and the plaintiff about the same age or somewhat younger. The boys appear to have been school mates in Milton. On the previous Christmas Walter was given an air rifle with some B B shot by his aunt Mary McKenna who lived in Dorchester. There was evidence that he was instructed by his father not to use the rifle except for target practice in his yard and then only when one of his parents was present. There was no evidence that prior to February 20, 1953, he used the rifle except in accordance with these instructions. In February Mr. and Mrs. Connolly went to Florida. Of their five children the three younger were in boarding school and the two older, Jean and Walter, went to live with Mrs. McKenna. Walter attended school and Jean worked in her father's office. The rifle was left in the hall closet of the Connolly home. After school on February 20, Walter and the plaintiff went to the house, took the gun from the closet, and went into the woods to shoot. They fired fifty or sixty shots taking turns with the rifle. One of their targets was an abandoned building. While Walter was firing at it the plaintiff went inside and put a board in an open window for Walter to shoot at. One of the shots entered the building through a crack from which the plaintiff was peeking and struck him in the eye.

The defendant parents did not entrust the boy with the possession of the rifle and liability on their part must be predicated on evidence from which it could be found that they should reasonably have anticipated that he would take the rifle in their absence and use it in a manner contrary to his father's instructions. See *Sousa* v. *Irome,* 219 Mass. 273; *Gudziewski* v. *Stemplesky,* 263 Mass. 103; *Pudlo* v. *Dubiel,* 273 Mass. 172; *Sojka* v. *Dlugosz,* 293 Mass. 419. The evidence does not lend itself to such a conclusion. The boy was fourteen years old. So far as appears he had never used the rifle carelessly or mischievously and had given them no reason to think that he would do otherwise while they were away. If it could be found that negligence on

his part contributed to the plaintiff's injury we think there was no evidence to warrant holding the parents responsible.

*Exceptions overruled.*