Lewis Caldwell & another *vs.* Louis Zaher & another (and a companion case[1]).

Middlesex.     May 11, 1962. — June 25, 1962.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Spiegel, JJ.

*Parent and Child.   Negligence,* Of parent.   *Minor.   Practice, Civil,* Parties, Action by minor.   *Pleading, Civil,* Demurrer.

An action for personal injuries sustained by a minor should be brought in the name of the minor by his next friend, not in the name of the next friend as such.   [591–592]

A demurrer to a declaration as a whole must be overruled if any count is good.   [592]

A parent is the proper party plaintiff to sue for consequential damages arising from personal injuries sustained by his minor child.   [592]

A cause of action was stated by a declaration alleging that a minor son of the defendants assaulted, accosted, tormented, molested, and thereby injured the plaintiff, a child, and that the defendants were negligent in that they knew or should have known of like conduct on the part of their son toward other children on previous occasions but "did nothing" to restrain his propensity to such conduct.   [592–593]

Two actions of tort.     Writs in the Superior Court dated July 31, 1961.

---

[1] The companion case is by the same plaintiffs against Joseph McPhillips and Eveline McPhillips.

The actions were heard by *Paquet*, J., on demurrers.

*Jason J. Cohen & Julius Thannhauser,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendants.

Wilkins, C.J.   Except for the names of the defendants and their sons these are identical actions of tort by "Lewis Caldwell, individually, and as father and next friend of Jean Caldwell, a minor" (so described in the writs), against the parents of a minor son, who assaulted and molested Jean. In each case count 1 is for personal injuries, and count 2 is for consequential damages.   Demurrers to the declarations as a whole were sustained, and the plaintiffs appealed.

We summarize the declaration in the first case.   Count 1 alleges that "the plaintiff" is the father of Jean, a minor; that the defendants are the parents of David Zaher, a minor; that David had a tendency and propensity toward assaulting, accosting, tormenting, and molesting young children; that the defendants were warned and knew, or should have known, that on previous occasions David did assault, accost, torment, and molest other children; that the defendants did nothing to restrain his dangerous propensities; that on or about June 7, 1961, in Chelmsford David did assault, accost, torment, and molest Jean; that the defendants were negligent in allowing this to take place in that they had taken no steps to restrain his propensities; and that Jean was injured, "all to *his* [the plaintiff's] great damage" (emphasis supplied).   The second count repeats these allegations, and further alleges that as a result the plaintiff was put to expense for medical care and lost his daughter's services.

The grounds of demurrer are (1) the declaration does not set forth a cause of action; (2) there is no cause of action against parents for the torts of minor children in the circumstances alleged; and (3) the defendants have violated no duty toward the plaintiffs.

The first count is defective.   The action for personal injuries should be brought in the name of the minor by her next friend.   See *Guild* v. *Cranston,* 8 Cush. 506, 507–509;

*Butler* v. *Winchester Home for Aged Women,* 216 Mass. 567, 568–569; *Dellamano* v. *Francis,* 308 Mass. 502, 503; *Myrick* v. *Superintendent of Worcester State Hosp.* 334 Mass. 42, 45.

A demurrer to a declaration as a whole must be overruled if either count is good. *Burke* v. *Firestone Tire & Rubber Co.* 319 Mass. 372, 373. In count 2 for consequential damages the father is the proper party plaintiff. We are of opinion that the substantive cause of action in count 2 is good. Count 1, from which it is repeated, will also state a good cause of action after the allowance of a proper amendment substituting the name of the minor as party plaintiff.

We are of opinion that in circumstances like the present a parent is under a duty to exercise reasonable care to prevent his minor child from inflicting injury, intentionally or negligently, on others. This duty of parental discipline arises when the parent knows or should know of the child's propensity for the type of harmful conduct complained of, and has an opportunity to take reasonable corrective measures. We have applied this rule in cases where the parent was alleged to have been negligent with respect to his child's possession or use of a gun or air rifle. See *Sousa* v. *Irome,* 219 Mass. 273, 276; *Gudziewski* v. *Stemplesky,* 263 Mass. 103, 105–106; *Sojka* v. *Dlugosz,* 293 Mass. 419, 423; *Norlin* v. *Connolly,* 336 Mass. 553, 554. We believe that the principle is equally applicable where the parents' negligence is, as here, based on allegations that they knew of their child's propensity toward assaulting other children and "did *nothing*" (emphasis supplied) to halt it. *Bieker* v. *Owens,* 234 Ark. 97. *Gissen* v. *Goodwill,* 80 So. 2d 701, 703–705 (Fla.). *Steinberg* v. *Cauchois,* 249 App. Div. (N. Y.) 518, 519. *Agnesini* v. *Olsen,* 277 App. Div. (N. Y.) 1006. *Zuckerberg* v. *Munzer,* 277 App. Div. (N. Y.) 1061. *Landis* v. *Condon,* 95 Ohio App. 28, 29–30. *Condel* v. *Savo,* 350 Pa. 350, 352–355. *Seaman* v. *Hockman,* 2 D. & C. 2d (Pa.) 663, 664–666. *Norton* v. *Payne,* 154 Wash. 241, 245–246. Restatement: Torts, § 316. Cf. *Ellis* v. *D'Angelo,* 116 Cal. App. 2d 310 (duty to warn others); *Ryley* v. *Laf-*

*ferty*, 45 F. 2d 641 (D. Idaho N. D.) (parent encouraging child). Other cases are collected in 155 A. L. R. 85.

Whether the defendants could halt David's alleged propensity to assault other children and what steps to this end would be reasonable in the circumstances are questions to be answered at a trial upon the merits. In each case the entry will be

*Order sustaining demurrer reversed.*