Lorna Joy PETERSON, by Lois Peterson, her Guardian ad Litem, and Gerald E. Peterson, Plaintiffs and Respondents,

v.

Stanley T. RUDE, Individually, and Eugene Rude by Stanley T. Rude, his Guardian ad Litem, Defendants and Appellants.

No. 8358.

Supreme Court of North Dakota.

Nov. 21, 1966.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiffs and respondents.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendants and appellants.

STRUTZ, Judge.

This is a suit brought by Lois Peterson, as guardian ad litem, and by Gerald E. Peterson, the mother and father of Lorna Joy Peterson, a four-year-old girl, against Eugene Rude, the 11½-year-old son of the defendant Stanley T. Rude, and against Stanley T. Rude, the father.' The action is one in tort, based upon the alleged negligent use of an air rifle by Eugene, and the negligence of the father in furnishing his son with such a rifle.

The record discloses that the parties are farmers living on nearby farms northeast of Langdon. The air rifle in question was purchased by the defendant Stanley Rude and given to his son, Eugene, as a reward for getting good marks in school. The evidence further shows that when the father purchased the air rifle he instructed his son not to use it when there were other children in the yard. He was also admonished never to point it at anyone, and never to shoot at windows or buildings. The son was further told that if these instructions were disobeyed, the gun would be taken from him for a period of two weeks or more.

The evidence is undisputed that, after the gun had been presented to the boy, he had used it on a number of occasions to shoot sparrows and other targets; that the father had observed his son's use of the air rifle and at no time were any of the instructions which he had given to the boy disobeyed.

It appears that the gun was kept in the entry way of the defendants' home.

On the day on which the incident occurred out of which this lawsuit arose, the father and the mother of Eugene Rude were in Fargo, where the father was a patient in a hospital. Eugene had been left on the farm in the care of his grandmother. On the day in question, the plaintiffs, with their four-year-old daughter, Lorna Joy, and their two sons, Lynn, aged nine, and Paul, aged seven, stopped at the farm home for the purpose of taking Eugene with them to Cavalier, where they all went swimming. They returned to the Rude farm home late in the afternoon and were then asked by the grandmother to stay for supper, or at least to stop for coffee.

Prior to eating, the two sons of the plaintiff and the defendant Eugene took the air rifle outside and shot at pine cones which they had tossed into the water in a pit. This activity was interrupted by supper. After

eating, the boys again took the air gun and went outside. There is a conflict in the testimony as to whether the two sons of the plaintiffs went out first while Eugene remained to finish his meal, or whether Eugene was the first to leave the table. In any event, the four-year-old daughter was told by her father not to go with the boys. However, she disobeyed this command and slipped out unobserved. As she rounded the corner of the house to join the boys, they were in the act of scuffling over the air rifle some distance away. The gun discharged and the pellet struck Lorna Joy in the left eye, causing the injury for which this suit is brought.

On the trial of the action, the jury was unable to reach a verdict. When it became apparent that it was hopelessly deadlocked, the trial court discharged the jurors. Thereafter, the defendants, having moved for a directed verdict at the close of all of the evidence, moved for judgment notwithstanding the failure of the jury to arrive at a verdict. This motion was denied by the trial court, and this appeal is taken from the order denying such motion.

This court, on an appeal from an order denying a motion for judgment notwithstanding the verdict or a motion for judgment notwithstanding the failure of the jury to arrive at a verdict, may review the ruling of the trial court on the motion for directed verdict and may order judgment to be entered when it appears from the testimony in the record that the motion for directed verdict should have been granted. Sec. 28-27-29.1, N.D.C.C. So the question facing this court on appeal in this case is whether the evidence is such that the trial court should have granted the motion for directed verdict, if it had not been for provisions of Rule 50(a), North Dakota Rules of Civil Procedure, which require such motion to be denied as to issues of all claims as to which evidence has been received.

We have carefully reviewed the entire record. As has been pointed out, the defendant Stanley Rude was a patient in a hospital in Fargo at the time of the incident out of which this case arose. Therefore, if the evidence is sufficient to justify a verdict against him, it will have to be on the basis of events which occurred prior to the day of the accident.

In North Dakota, a parent is not liable for the negligent acts of a minor child merely because of such relationship. Sec. 14-09-21, N.D.C.C. Thus, in the action against Eugene Rude's father for injuries caused to the daughter of the plaintiffs, the burden is on the plaintiffs to show something more than the mere relationship of the boy who committed the alleged wrongful act to his father. A parent may be held liable for the wrongful acts of his minor child if he has knowledge of the child's previous conduct of the same character, his disposition to do the act which he is charged with having committed, and, where such parent, with such knowledge, fails to take reasonable steps to avoid an incident such as did occur in this case. In other words, a parent is liable for the torts of a minor child only on the same ground that he would be liable for the tort of any other person as to whom he directed a wrongful act. As is pointed out in 67 C.J.S. Parent and Child § 68, page 798, a parent may be liable for an injury which is directly caused by his child, where the parent's negligence has made it possible and probable for the child to cause the injury complained of.

Generally, the negligence of a defendant is not presumed merely from proof of the happening of an accident. Such negligence must be affirmatively established. Severinson v. Nerby (N.D.), 105 N.W.2d 252. Here, the only wrongful act that can possibly be charged to the father is that he gave an air rifle to his 11½-year-old son. Was this an act of negligence on the part of the father which made it possible and probable for the son to cause the injury complained of? We think not. Surely an air rifle, given to a farm boy 11½ years of age, which gift is accompanied by careful instructions as to its safe use, cannot be

considered negligence. An air rifle is not a dangerous weapon in itself. Highsaw v. Creech, 17 Tenn.App. 573, 69 S.W.2d 249; Norlin v. Connolly, 336 Mass. 553, 146 N.E. 2d 663. If the defendants in this case had been living in an apartment in a large city where an ordinance forbade the discharging of an air rifle, and if such gift to the son had been made under such circumstances without any instruction as to the use of the gun except in rural areas, and, had an accident occurred in the city, we might hold otherwise. But surely it cannot be said that giving an air rifle to a farm boy 11½ years of age, under the circumstances as we find them in this case, discloses any negligence on the part of the father. There is no evidence that the boy, after receiving the gun, had ever used it in a dangerous manner or that the father had any knowledge of any negligent use. In fact, the proof is that it had always been used in a careful and prudent manner. There is no evidence that Eugene had ever handled the gun in a negligent and careless way or that he had failed to follow his father's instructions in its use. Thus the record discloses nothing that would have given the father any knowledge that the gun might be used in a careless manner. Martin v. Barrett, 120 Cal.App.2d 625, 261 P.2d 551.

▪▪▪ If the act of the boy, Eugene, was a willful tort, which is a question for the jury to determine, then it was committed, under the evidence in this case, without the knowledge of the father, and without any showing that the father should have anticipated any negligent act on the part of his son. Pawlak v. Mayer, 266 Wis. 55, 62 N.W.2d 572.

Here, there is absolutely no evidence that the defendant's son was a boy of vicious habits or that he had ever been careless or negligent in the use of the air rifle after it had been given to him by the father. There is no evidence in the record that the father should have anticipated that his boy might injure anyone with the gun. The motion for judgment notwithstanding the failure of the jury to return a verdict should have been granted as to the defendant father.

▪▪▪ As to the motion for dismissal of the complaint against the defendant Eugene, we believe that the situation is somewhat different than it is in the case against the father. If the jury, on the evidence produced, which was conflicting, should believe that the defendant Eugene Rude carelessly and negligently used the air rifle on the occasion described in the complaint, the jury might conceivably find against the defendant Eugene. Questions of negligence, contributory negligence, and proximate cause of an injury are primarily questions of fact for the jury, unless the evidence is such that only one conclusion can reasonably be deduced therefrom. Jasper v. Freitag (N.D.), 145 N.W.2d 879; Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576.

It is only when the facts and circumstances are such that reasonable men can draw but one conclusion from the evidence that the question of negligence or contributory negligence becomes a question of law for the court. We do not believe that the record, in its present state, presents such a state of facts as to the negligence of the defendant Eugene and the contributory negligence of the plaintiff Gerald Peterson.

The order denying the plaintiffs' motion for judgment notwithstanding the inability of the jury to agree on a verdict against the defendant Eugene Rude is affirmed, and the order denying such motion as to the defendant Stanley T. Rude is reversed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and MURRAY, JJ., concur.