WILLIAM J. ALIOTO, administrator,[1] *vs.* RICHARD J.
MARNELL & others.[2]

Norfolk. January 6, 1988. — March 29, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Alcoholic Liquors,* Motor vehicle, Liability of parent. *Negligence,* Alcoholic
liquors, Parent.

This court declined to extend the rationale of *Caldwell* v. *Zaher,* 344 Mass.
590, 592-593 (1962), to impose liability on parents for the negligent
torts of their son, occasioned by his driving an automobile after consum-
ing alcoholic beverages, where the son was an emancipated adult, al-
though he was below the legal drinking age and living in their home.
[38-39] ABRAMS, J. dissenting.

Parents who gave their adult son permission to hold a party in their home on
the condition he would not drive his automobile that night did not thereby
undertake to supervise the party so as to incur liability for negligence
when their son, unbeknownst to them, consumed alcoholic beverages
at the party and drove his car, killing another driver. [39]

In a civil action in which the plaintiff alleged that the defendant in whose
name an automobile was registered negligently entrusted the vehicle to
his son, who had been consuming alcoholic beverages, the defendant's
motion for summary judgment was properly allowed, where, on the
basis of the materials before the judge, the plaintiff could not have
established that the defendant gave either specific or general permission
to the son to drive the vehicle. [39-40]

CIVIL ACTION commenced in the Superior Court Department
on January 25, 1983.

The case was heard by *Roger J. Donahue,* J., on a motion
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

---

[1] Of the estate of Robert J. Alioto.

[2] His wife Ellen M. Marnell. By stipulation, the action against their son
Michael J. Marnell was dismissed with prejudice.

*Michael E. Mone (Patricia L. Kelly* with him) for the plaintiff.

*Stephen M. A. Woodworth (Laurel L. Baker* with him) for the defendants.

HENNESSEY, C.J. The plaintiff appeals from a Superior Court judge's entry of summary judgment in favor of the defendants Richard and Ellen Marnell. We granted the plaintiff's application for direct appellate review, and now affirm.

The defendants are the parents of Michael J. Marnell, the driver of an automobile which collided with an automobile driven by the plaintiff's intestate, Robert J. Alioto, killing him. The plaintiff alleged that the defendants were negligent in failing to supervise a party given by Michael earlier that evening in their home and with their consent; in failing to prevent Michael, who was below the legal drinking age, from obtaining and consuming alcoholic beverages at the party; and in failing to prevent Michael from driving after he became intoxicated.

We summarize the facts as asserted in the parties' affidavits and depositions, viewed in the light most favorable to the plaintiff. See, e.g., *Coveney* v. *President of the College of the Holy Cross,* 388 Mass. 16, 17 (1983), and case cited. Some time prior to November 10, 1982, the defendants' son Michael asked them for permission to hold a party for his fellow employees in the Marnell home. At that time, Michael was nineteen years of age, below the legal drinking age. See G. L. c. 138, § 34A, as amended through St. 1979, c. 15, § 7. The defendants knew that Michael previously had been involved in incidents involving his abuse of alcoholic beverages, that at one time he had lost his driver's license for operating a motor vehicle while under the influence of alcohol, and that there would be alcoholic beverages at the party. They did not tell Michael not to consume alcohol, but conditioned their consent to the party on his stipulation that he would not drive his automobile that evening. Michael agreed not to drive the automobile that evening, and told the defendants that in fact there would be no need for him to drive, as all his guests had their own means of transportation to and from the party. The automobile was registered and insured in the name of Richard Marnell; how-

ever, Richard and Michael had a signed, written agreement whereby Michael would reimburse Richard for the purchase price by a series of payments made over a period of time. When Michael made his final payment, Richard was to transfer legal title to the automobile to him. Although Richard had a set of keys to the automobile, only Michael used the automobile on a regular basis.

The party was held on the evening of November 10, in the basement recreation room of the Marnell home. The defendants spent most of the evening in the upstairs family room. At some time prior to midnight, Michael left the Marnell home and drove away. The defendants did not see him leave the house. They first, became aware of his departure when they heard and saw his automobile pulling out of the driveway.

This is not a case involving social host liability. The defendants did not furnish Michael with alcoholic beverages. Cf. *McGuiggan* v. *New England Tel. & Tel. Co.,* 398 Mass. 152 (1986). The gravamen of the plaintiff's action is the defendants' allegedly negligent failure to supervise and control their son Michael's actions. A parent has a duty to exercise reasonable care to prevent his minor child from intentionally or negligently inflicting harm on others, where the parent knows or should know of the child's propensity for a particular type of harmful conduct and has the opportunity to take reasonable corrective measures. *Caldwell* v. *Zaher,* 344 Mass. 590, 592 (1962). The plaintiff asks us to extend the rationale of *Caldwell* to this case. We decline to do so.

In *Caldwell,* the plaintiff stated a good cause of action by alleging that the defendants knew or should have known of their minor child's propensity to assault other children, but did nothing to restrain such propensity. *Id.* at 591-592. Here, there were assertions that the defendants knew or should have known of their son's propensity to drink and drive, because he previously had been involved in incidents involving drinking, and had lost his driver's license for operating a motor vehicle while under the influence of alcohol. Unlike the child in *Caldwell,* however, at the time of this incident, Michael Marnell, although below the legal drinking age, was not a

minor, but an adult.[3] See G. L. c. 4, § 7, Forty-eighth &
Fiftieth (1986 ed.) (defining the terms "Minor" and "Adult").
He had graduated from high school some seventeen months
earlier, had been working full time for at least fourteen months,
and was in all relevant aspects emancipated from his parents.
The fortuity of his living in their home does not create a duty
where none otherwise exists; nor does their status as parents,
without more, impose on the defendants the duty to supervise
and control their emancipated adult son. See *DePasquale* v.
*Dello Russo,* 349 Mass. 655, 659 (1965); *Smith* v. *Jordan,*
211 Mass. 269, 270 (1912).

The plaintiff further argues that the defendants are liable for
Michael's actions because, having conditioned their consent
to Michael's holding a party in their home on the stipulation
that he would not drive his automobile that night, they volun-
tarily undertook a duty to supervise the party, which duty they
negligently violated. This argument is not persuasive. The
Marnells did not undertake to supervise the party; they pru-
dently imposed a condition on their grant of permission to use
their premises. We are not willing to say, in the circumstances
of this case, that such action gave rise to an affirmative duty
to supervise the use thus made. To do so would be counter-
productive. It would provide a disincentive to the taking of
reasonable corrective measures, if doing so might lead to the
imposition of liability where it would not otherwise exist.

Finally, the plaintiff argues that the defendants are liable
because the automobile which Michael drove was registered
to Richard Marnell, and because Richard, having the right to
control Michael's use of the automobile, failed to take effective

---

[3] The legal drinking age is relevant in social host liability cases because
the serving of alcoholic drinks to persons under that age generally is thought
to be wrong, and often also is unlawful. A duty of care quite properly can
be imposed based on the violation of these standards. In the case before
us, however, the legal drinking age has little importance. What is important
is that Michael was an adult for all purposes (except as to the legal drinking
age), that the defendants did not serve or make alcoholic beverages available
to him, and that they violated no statute. The imposition of liability for
failure to supervise a competent adult child is unwarranted on the facts of
this case.

action to prevent Michael from operating the automobile after drinking alcohol. We disagree. In order to prevail on a claim of negligent entrustment of an automobile, "it is necessary for the plaintiff to show, among other things, that the defendant owned or controlled the motor vehicle concerned, and that the defendant gave the driver permission to operate the vehicle." *Leone* v. *Doran,* 363 Mass. 1, 7 (1973). On the facts of this case, whether Richard or Michael was the true owner of the automobile may have been a jury question. See *id.* ("A conclusion may be warranted that someone other than the registered owner is the actual owner of the vehicle"), and cases cited. But, even assuming arguendo that the plaintiff could have shown that Richard owned or controlled the automobile, he could not have shown that Richard "gave specific or general permission to [Michael] to drive the automobile," *id.,* in light of Richard's admonition to Michael not to drive the automobile on the night of the party, and his conditioning his permission to use the Marnell premises on Michael's stipulation to this effect.

We conclude that the judge was correct to grant summary judgment in favor of the defendants. In the circumstances of this case, the defendants were, as a matter of law, under no duty to protect the plaintiff's decedent from the actions of their emancipated adult son.

*Judgment affirmed.*

ABRAMS, J. (dissenting). The legal drinking age[1] should be applied in this case to determine whether the parents had a duty to supervise their son. In the social host context, we have held that "[i]n deciding whether a guest [is] a minor or an adult, for purposes of determining the tort liability of a social host, the legal drinking age . . . is the appropriate consideration." *McGuiggan* v. *New England Tel. & Tel. Co.,* 398 Mass.

---

[1] The legal drinking age at the relevant time in this case was twenty. See G. L. c. 138, §§ 34, 34A, as amended through St. 1979, c. 15, §§ 7, 8. The legal drinking age is now twenty-one. See G. L. c. 138, §§ 34, 34A, as amended through St. 1984, c. 312, §§ 5, 6.

152, 159 n.7 (1986). Our conclusion in *McGuiggan* provides good reasons for drawing the same line as to age in this case.

In November, 1982, Michael Marnell was under the legal drinking age and lived with his parents. Michael's parents knew about his party, and agreed to let him hold it in their home. His parents also knew that alcohol would be available at the party. In these circumstances, the fact that Michael was over the age of eighteen should not automatically foreclose parental liability. Instead, because the threat of harm to the motoring public is so analogous to the threat of harm in social host cases, I would use the legal drinking age to determine whether the parents had a duty to supervise their son.[2] The court's decision not to use the legal drinking age applies too narrowly the reasoning of *McGuiggan* and undermines the clear line this court has drawn as to the dangers of alcohol and driving. See note 4, *infra*.

If the legal drinking age is used to determine duty, then, based on the evidence, at least two factual questions arise, and the grant of summary judgment was error. The first question is whether the parents knew or should have known "of the child's propensity for the type of harmful conduct complained of, and ha[d] an opportunity to take reasonable corrective measures." *Caldwell* v. *Zaher*, 344 Mass. 590, 592 (1962). The defendants knew that Michael had a history of alcohol abuse. They knew he had been disciplined in school for drinking. They knew he had been arrested at age sixteen when he was found with alcohol in an automobile. They also knew he had been arrested in January, 1982, for driving while under the influence of intoxicating liquor and, as a result, that he was

---

[2] This is not to say that parents automatically become liable when their underage children drink and, as a result, cause harm to third persons. The parents in this case did not serve any liquor and did not violate any statutes. Nevertheless, the legal drinking age should be the appropriate consideration for determining whether the parents were subject to a duty of care. The parents knew that their son was under the legal age to drink, had a problem with alcohol, and likely would drink at the party. In these circumstances, whether the parents violated a duty is a question of fact which should not be determined by summary judgment.

ordered to attend an Alcoholics Anonymous program and his driver's license was suspended for two months.

Michael's parents clearly were concerned about his drinking and driving. They made Michael stipulate, as a condition of holding the party, that he not drive.[3] Michael's father stated that the reason for the stipulation was concern that Michael would be "stopped along the road" by the police. A jury, however, could have determined that the parents were aware of, and concerned about, the tremendous danger to others caused by Michael's driving while under the influence of intoxicating liquor.[4] At the very least, the evidence establishes a "genuine issue as to [a] material fact," which should not be resolved by summary judgment. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). *Fireside Motors, Inc.* v. *Nissan Motor Corp. in U.S.A.,* 395 Mass. 366, 368 (1985). *DeVaux* v. *American Home Assurance Co.,* 387 Mass. 814, 816, 817 (1983). See 10A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2734 (2d ed. 1983).

---

[3] I completely agree with the court that the stipulation did not constitute the parents' undertaking to supervise the party, and did not impose any extra duty on the parents. To conclude otherwise would deter parents from ever taking any corrective measures. At the same time, I think it is clear that the stipulation, combined with Michael's history of alcohol abuse, stands as evidence of the parents' knowledge of Michael's "propensity for the type of harmful conduct complained of." *Caldwell* v. *Zaher, supra.* The stipulation also may be viewed as evidence that the parents had an "opportunity to take reasonable corrective measures." *Id.*

[4] Our cases are clear and unequivocal that driving while under the influence of intoxicating liquor creates an extreme risk of harm to third persons. *Irwin* v. *Ware,* 392 Mass. 745, 756, 762 (1984). *Adamian* v. *Three Sons, Inc.,* 353 Mass. 498, 501 (1968). See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.,* 390 Mass. 6 (1983); *Cimino* v. *Milford Keg, Inc.,* 385 Mass. 323 (1982). The life-threatening danger to third persons caused by driving while under the influence of alcohol, along with Michael's driving record, constitutes sufficient evidence of a dangerous propensity to send to a jury the question of parental liability. See *Gudziewski* v. *Stemplesky,* 263 Mass. 103, 105-106 (1928) (evidence of child's indiscriminate use of air gun sufficient); *Sousa* v. *Irome,* 219 Mass. 273, 276-277 (1914) (child's reputation for carelessness with rifle sufficient). Cf. *DePasquale* v. *Dello Russo,* 349 Mass. 655, 658-659 (1965) (two incidents of misuse of nonlethal firecrackers insufficient).

The second factual question is whether the parents exercised reasonable care to prevent Michael from driving while under the influence of intoxicating liquor. Instructing or warning a child to avoid dangerous activity can constitute reasonable care by parents. See *DePasquale* v. *Dello Russo,* 349 Mass. 655, 658-659 (1965). A jury therefore well may have concluded that Michael's parents exercised reasonable care when they (a) made Michael promise not to drive, and (b) allowed him to give the party at home so that he would not have to drive. However, a jury also could conclude that the parents were under a duty to take some further action to prevent Michael from driving while under the influence of alcohol, perhaps insisting that he relinquish the keys to the car until the following morning.

In my view, this case presents questions of material fact, and the motion for summary judgment should have been denied. I dissent.