[Civ. No. 38474. Second Dist., Div. Four. Feb. 29, 1972.]

ALICE H. COSTELLO, Plaintiff and Appellant, v.
RUTH HART, Defendant and Respondent.

## Counsel

Schermer, Berman & Rand and Sam Schermer for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## Opinion

**FILES, P. J.**—Plaintiff is appealing from a judgment of nonsuit in a personal injury action. The record of the evidence is a settled statement. Respondent has failed to file any brief in support of the judgment below.

Defendant Ruth Hart is the grandmother of a 4½-year-old boy, Steven Palmer. She has "raised him and had the care and custody of him since his birth."

Plaintiff was in the robe-lingerie department of Bullock's Sherman Oaks store during business hours on the morning of December 28, 1964, when

Steven ran out from underneath a robe rack and tripped her. She fell to the floor and sustained an intracapsular fracture of the femur. There was evidence that before this accident occurred Steven "was running around all over the place" and two of Bullock's saleswomen "admonished him against such conduct on several occasions with the advice to him that he was liable to get hurt, but that he continued in such conduct."

It was stipulated that defendant Hart "was present in the said department at all of the times involved herein."

The nonsuit was granted "on the ground that a grandmother's liability for the conduct of her minor grandson requires a showing of dangerous propensity on the part of the grandson, which propensity had not been proven."

From the evidence the jury could have inferred that the defendant Hart had become aware of what Steven was doing and of the likelihood that Steven's conduct would injure someone; and that she, being present, had the opportunity to control the child but neglected to do so. Upon that view of the evidence, the jury could properly have returned a verdict in favor of plaintiff and against defendant Hart.

It was not necessary that defendant have knowledge of the child's dangerous tendencies for any particular length of time, provided the knowledge was acquired in time to give her an opportunity to exercise reasonable measures to restrain him. (Rest. 2d Torts, § 316.)

The Restatement rule, which has been adopted in California (*Ellis* v. *D'Angelo* (1953) 116 Cal.App.2d 310 [253 P.2d 675]; *Poncher* v. *Brackett* (1966) 246 Cal.App.2d 769 [55 Cal.Rptr. 59]; *Weisbart* v. *Flohr* (1968) 260 Cal.App.2d 281 [67 Cal.Rptr. 114]), states: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

Illustration 1 to that section states: "1. A is informed that his six-year-old child is shooting at a target in the street with a .22 rifle, in a manner which endangers the safety of those using the street. A fails to take the rifle away from the child, or to take any other action. The child unintentionally shoots B, a pedestrian, in the leg. A is subject to liability to B."

In cases where the parent did not observe the child's conduct which led to the injury, the parent has been held liable where he had been aware of the child's dangerous propensity or habit and negligently failed to exercise proper control (*Poncher* v. *Brackett, supra,* 246 Cal.App.2d 769;

*Singer* v. *Marx* (1956) 144 Cal.App.2d 637, 644 [301 P.2d 440]) or negligently failed to give appropriate warning (*Ellis* v. *D'Angelo, supra,* 116 Cal.App.2d at p. 317). In other cases, where the parent did not observe and was not in a position to control the conduct which endangered the plaintiff, recovery was denied on the ground that there was no showing that the parent knew of any dangerous tendency. (*Weisbart* v. *Flohr, supra,* 260 Cal.App.2d at pp. 290-291; *Singer* v. *Marx, supra,* at p. 646.) What is said about "propensity" or "habit" in those cases has no applicability where the parent is present and observes the dangerous behavior and has an opportunity to exercise control but neglects to do so.[1]

The instant appeal has come up on a settled statement which tells us little of what the evidence shows. The record simply indicates that the child's misbehavior was conspicuous and continuous for an appreciable period of time and that the defendant "was present." On this cryptic statement, we must assume there was evidence which would support a finding by the jury that the defendant knew of the danger and had the ability to exercise control.

Most of the cases discussing the liability of an adult for the acts of a small child speak of the liability of the "parent." The exact blood relationship is not the test. The duty of care is imposed upon the adult who has assumed responsibility for the child's care and has the ability to exercise control. (*Poncher* v. *Brackett, supra,* 246 Cal.App.2d at p. 772.)

 Since the evidence would have supported a verdict for plaintiff against defendant Hart, the nonsuit was error. (*Estate of Lances* (1932) 216 Cal. 397, 400 [14 P.2d 768].)

The judgment is reversed.

Kingsley, J., and Dunn, J., concurred.

---

[1] In *Martin* v. *Barrett* (1953) 120 Cal.App.2d 625 [261 P.2d 551] the complaint, to which a demurrer was sustained, alleged that the defendant mother negligently allowed her 12-year-old son to possess and shoot an air rifle from a porch into a yard where she knew the 5-year-old plaintiff and another boy were playing. The court held this complaint did not state a cause of action because "there is no previous wrongful act by the son in using the gun alleged, . . ." This reasoning seems inconsistent with the Restatement and with the reasoning of the California decisions which have followed the Restatement. The *Martin* opinion speaks of the absence of "vicarious liability" for the acts of the child, but fails to consider the liability of the parent for his or her own negligence in failure to exercise control. It is that negligence with which we are here concerned.