ANN SMITH & another[1] *vs.* RICHARD BICKFORD & another.[2]

No. 98-P-904.

Middlesex. April 14, 2000. - September 25, 2000.

Present: BECK, DREBEN, & RAPOZA, JJ.

*Parent and Child,* Parental liability for intentional act of child, Discipline. *Common Law. Negligence,* Child.

Statement of the common law under which a parent may be held liable for the tort of a child. [113-114]

The unexpected action of an exuberant six year old boy on a dance floor at a wedding which caused unforeseeable injuries to an adult did not give rise to parental liability, where the parents did not have a duty in the circumstances to exercise reasonable care to control the child. [114-115]

CIVIL ACTION commenced in the Superior Court Department on March 29, 1994.

The case was heard by *Christine M. McEvoy,* J., on motions for summary judgment, and entry of a separate and final judgment was ordered by *Paul A. Chernoff,* J.

*Martha E. Howe* for the plaintiffs.

*Robert A. Marra, Jr.,* for the defendants.

DREBEN, J. A six year old boy ran or slid into the plaintiff, Ann Smith, while she was dancing in a tent at an outdoor wedding reception. She suffered severe injuries. She and her husband brought this action of negligence and for loss of consortium against the child, his parents, and the owners of the property where the wedding was held. A judge of the Superior Court allowed motions for summary judgment filed by the parents and by the owners of the property. The plaintiffs appeal from the separate judgment for the parents entered under Mass. R.Civ.P. 54(b), 365 Mass. 821 (1974). Under the standards applicable to a motion for summary judgment, see *Community*

---

[1]Charles Smith.

[2]Kerry Bickford.

*Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976), and *Kourou-vacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991), the parents were entitled to summary judgment.

The material in support of the motion (depositions and answers to interrogatories) viewed in the light most favorable to the plaintiffs indicated the following: The wedding was large — 250-300 people — with eight to ten children between the ages of four and ten. Earlier in the evening, before her mishap, when she "wouldn't say the dance floor was terribly crowded," the plaintiff had seen some boys, including Nathan Bickford, "running across the dance floor and sliding on their knees." Smith did not know the name of the child, but apparently, it was Nathan, as he told his parents that Smith fell on him.

Prior to her fall, Smith had not seen the boys bump into anyone on the dance floor. Her husband, while dancing with Smith, did not see any children on the dance floor, but thought he saw two little boys running and sliding at the edge of the dance floor.

At the time of the collision, Smith was dancing with her cousin. She did not see any children on the dance floor at that time. Her cousin, too, did not see any children on the dance floor until he saw two boys run into Smith and continue running. Before the dancing started, the cousin had noticed the boys running around the yard in the grass.

Nathan's mother, in her deposition testimony, stated that she could almost always see her children and that she and her husband were seated facing the dance floor about eighteen feet away.[3] She and her husband did not see their children running, sliding or jumping on the dance floor nor were they ever notified that their children were misbehaving. At times, she saw her children dancing.

"At common law, in the absence of an agency relationship, a parent was not vicariously liable for the tort of a child unless [he or she] directed, encouraged, or ratified the child's conduct." *Kerins* v. *Lima*, 425 Mass. 108, 110 (1997). Under our cases, a parent has a duty "to exercise reasonable care to prevent his [or her] minor child from inflicting injury, intentionally or negligently, on others. This duty of parental discipline arises when the parent knows or should know of the child's propensity

---

[3]Peter Bickford estimated that their table was ten to twelve feet from the dance floor.

for the type of harmful conduct complained of, and has an opportunity to take reasonable corrective measures." *Caldwell* v. *Zaher*, 344 Mass. 590, 592 (1962). The authorities indicate that the propensity should be a "dangerous tendency," *DePasquale* v. *Dello Russo*, 349 Mass. 655, 658-659 (1965); *Kerins* v. *Lima*, *supra*, such as "a propensity for reckless or vicious behavior," *Sabatinelli* v. *Butler*, 363 Mass. 565, 570-571 (1973), or a "propensity for a particular type of harmful conduct." *Alioto* v. *Marnell*, 402 Mass. 36, 38 (1988). See *Watson* v. *Salvoni*, 27 Mass. App. Ct. 735, 738 (1989). See also 3 Harper, James, & Gray, Torts § 18.7, at 737-738 (2d ed. 1986) (where parent has reason to know of a propensity for a particular type of dangerous conduct on the part of a minor child, parent bound to take reasonable steps to curb or guard against the propensity); Prosser & Keeton, Torts § 123, at 915 (5th ed. 1984) (probably, effect of decisions is that there is no liability unless parent has notice of a specific type of harmful conduct and an opportunity to interfere with it).

The Restatement (Second) of Torts § 316 (1965) set forth in the margin[4] does not use the language of propensity. However, at least one authority, 1 Speiser, Krause, & Gans, The American Law of Torts § 4.11, at 604 (1983), immediately after summarizing § 316 of the Restatement, explains: "Putting it in more concrete terms as the courts often put it, parents may be liable for . . . their own negligence in failing to exercise reasonable care to control a child with known vicious or destructive tendencies."

The plaintiff relies on a California case, *Costello* v. *Hart*, 23 Cal. App. 3d 898 (1972), which rejected the requirement of propensity where the parent, or as there, the grandparent, observes the child's conduct. In that case, a four and one-half year old child ran out from under a robe rack in a department store and injured the plaintiff. *Id.* at 899-900.

Even without any requirement of propensity, and even assuming that the parents should have seen their children running

---

[4]Section 316 provides as follows: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

and sliding on the dance floor when it was not crowded,[5] this activity would not have put them on notice that later, when the dance floor became crowded, a six year old child would be likely to dart onto the dance floor chased by another child; that such earlier activity created an unreasonable risk of bodily harm to others; or that, because of such earlier activity, the parents knew or should have known of the necessity and opportunity for exercising control.

To impose liability here for the unexpected action of an exuberant young six year old at a wedding and the unforeseen consequences of such action would burden typical parents with liability beyond that imposed by our cases. But see *Costello* v. *Hart*, 23 Cal. App. 3d at 900.

*Judgment affirmed.*

---

[5]As indicated earlier, the parents denied seeing the children slide and run on the dance floor.