ARTHUR COOKE[1] *vs.* KRISTIN W. LOPEZ & others.[2]

No. 00-P-812.

Barnstable. March 15, 2002. - April 2, 2003.

Present: DUFFLY, KASS, & TRAINOR, JJ.

*Negligence,* Motor vehicle, Parent. *Practice, Civil,* Judgment notwithstanding verdict.

In a civil action alleging negligent supervision by the defendant of her fifteen year old daughter, who, without having a driver's license, took the defendant's automobile and was involved in an accident that injured the plaintiff's daughter, the judge erred in failing to grant the defendant's motion for judgment notwithstanding the verdict, in that there was insufficient evidence that the defendant knew of a propensity on the part of her daughter to take her automobile without permission [705-706]; for the same reason, the judge erred in not granting the defendant's motion for judgment notwithstanding the verdict on a count of negligence in securing her vehicle [706-708].

CIVIL ACTION commenced in the Superior Court Department on May 12, 1997.

The case was tried before *Gerald F. O'Neill, Jr.,* J.

*Thomas B. Drohan* for Susan E. Christie.

*J. Michael Conley* (*Kristen A. Barnes* with him) for the plaintiff.

TRAINOR, J. Susan E. Christie appeals the denial of her motion for judgment notwithstanding the verdict of a jury that found her negligent in the supervision of her fifteen year old daughter, and in the securement of her motor vehicle, and thus liable for injuries sustained by her daughter's friend, the plaintiff, Danielle Cooke (Cooke), in an automobile accident. As there was insufficient evidence to support a jury finding of negligence on either theory, we reverse the order denying Christie's motion for judg-

---

[1]As father and next friend of his daughter, Danielle Cooke.

[2]Susan E. Christie and Amber Kurtgz.

ment notwithstanding the verdict and order that judgment enter dismissing the plaintiff's claims against her.

1. *Facts.* In the light most favorable to the plaintiff, the evidence established the following facts. At the time of the accident, Kristin Lopez was fifteen and lived in Sandwich with her mother, Christie, who was the registered owner of two automobiles: a Mazda and a Ford Mustang. Unlicensed, Lopez had driven the Mustang without her mother's permission one time prior to the accident. That time, Lopez had found the keys in her mother's bedroom drawer. Lopez was not caught by her mother on that occasion and her mother had no knowledge otherwise of that incident.

Lopez had also driven the Mazda one time without her mother's permission prior to the accident. Christie caught her that time because Christie had been home when Lopez pulled into the driveway. Christie was angered by Lopez's breach of trust. She "grounded" Lopez and took away her phone privileges for more than two weeks. Lopez promised her mother that she would never do it again. Christie testified that she "had no reason to believe that [she] couldn't trust" her daughter.

Prior to this incident, Christie had kept her keys in her kitchen drawer or "desk drawer" (room unknown). Upon learning that Lopez had taken the car keys from the dresser drawer, Christie began keeping the extra keys in her purses, although she sometimes left the keys to the Mustang in the desk drawer because Lopez's older sister, a licensed driver, would borrow that vehicle.

On November 28, 1996, Lopez took the Mazda, again without her mother's permission, finding the keys in "the drawer. In her [mother's] drawer." She picked up Cooke, Amber Kurtgz, and two others, and drove to various locations in Sandwich and Hyannis. Mindful that she had to have the car home before her mother returned from a family visit, Lopez headed home with the four passengers. She drove into a tree and Cooke was seriously injured.

2. *Procedural History.* Cooke brought suit (through her father) against Christie, Lopez, and Kurtgz, who had also driven

the car on the day of the accident.[3] The complaint alleged, among other claims, that Christie had negligently failed to supervise Lopez, and that she had negligently failed to secure the vehicle against use by Lopez.[4] The case was tried against Christie only, Lopez and Kurtgz having been defaulted for failure to defend.

Christie's motion for a directed verdict at the close of evidence was denied.[5] The jury found both Christie and Cooke to have been negligent, assigning seventy-five per cent of the negligence to Christie and twenty-five per cent to Cooke, and awarded Cooke $250,000 in damages. Judgment entered against Christie in the amount of $187,500 plus interest.[6]

Christie filed a motion for judgment notwithstanding the verdict, arguing that there was insufficient evidence to support a finding of liability under either a theory of failure to supervise or a theory of failure to secure her vehicle because the evidence did not show that Christie knew or should have known of Lopez's propensity to use Christie's vehicle, but rather, showed knowledge of only a single incident of such use. Christie's motion was denied without hearing, the judge noting that the defendant "had knowledge of prior use of vehicle by minor child." Christie appealed the denial.

3. *Negligent supervision.* Parents have a duty to exercise reasonable care to prevent their minor children from intentionally or negligently inflicting harm on others. *Alioto* v. *Marnell*, 402 Mass. 36, 38 (1988). This duty arises "when the parent knows or should know of the child's propensity for the type of harmful conduct complained of, and has an opportunity to take

---

[3]Kurtgz was not a defendant in the original complaint. She was added by amendment in August of 1998.

[4]The original complaint also included a count against Christie for negligent entrustment of the vehicle. This claim was waived after the first day of trial, as was a claim under G. L. c. 231, § 85A (liability of registered owner).

[5]Christie requested that the jury be instructed that to find liability on the theory of failure to secure, the jury would have to find that she knew of her daughter's propensity to drive the car without permission. This request was denied. On appeal, Christie assigns as error this failure to give the requested instruction. As there was insufficient evidence for the jury to find liability on either theory, we need not address this issue.

[6]A separate judgment was entered against Lopez and Kurtgz in the amount of $250,000 plus interest. It is not appealed here.

reasonable corrective measures." *Smith* v. *Bickford*, 50 Mass. App. Ct. 112, 113-114 (2000), quoting from *Caldwell* v. *Zaher*, 344 Mass. 590, 592 (1962). See *DePasquale* v. *Dello Russo*, 349 Mass. 655, 658 (1965); *DeLuca* v. *Cleary*, 47 Mass. App. Ct. 50, 52 (1999).

To prove a claim of negligent supervision, the plaintiff must show the parent's awareness of "a dangerous tendency"; "a propensity for reckless or vicious behavior"; or a "propensity for a particular type of harmful conduct" on the part of the child, as well as a lack of appropriate action on the part of the parent. See *Smith* v. *Bickford*, 50 Mass. App. Ct. at 114 (citations omitted).

The evidence in this case does not support a finding that Christie was aware of a "dangerous tendency" or "propensity" on the part of her daughter. The evidence showed that prior to the accident, Christie was aware of only one incident in which Lopez had driven an automobile without permission. Although Lopez acknowledged a separate incident in which she drove an automobile without her mother's permission, there was no evidence that Christie knew about that incident. Awareness of a single incident was insufficient to establish knowledge of a "propensity" on Lopez's part for a particular type of harmful conduct. See *DePasquale* v. *Dello Russo*, 349 Mass. at 659 (two prior incidents of firecracker misuse by son of defendant fell short of evidence sufficient to establish "dangerous tendency"). To hold otherwise "would go far toward exposing parents to liability for the torts of their children solely because of their parenthood." *Ibid.* As no awareness by Christie of a dangerous tendency or propensity on the part of her daughter was proven, the claim based on negligent supervision should not have gone to the jury. See *ibid.* See also *Watson* v. *Salvoni*, 27 Mass. App. Ct. 735, 737-738 (1989) (summary judgment proper where no evidence shown of propensity by defendants' son to use moped in violation of parents' rules; parents would have been entitled to directed verdicts had case been tried).

4. *Negligent failure to secure vehicle.* In *DeLuca* v. *Cleary*, 47 Mass. App. Ct. at 51, a plaintiff injured in an automobile accident with a sixteen year old girl sued the girl's mother on theories of vicarious liability and negligent entrustment. At the

time of the accident, the girl was driving her mother's car without permission while her parents were away on vacation. *Id.* at 50-51. Prior to this vacation, the girl had driven the car only in the company of a parent. *Id.* at 51. The plaintiff later sought to amend the complaint to add a claim that the mother had been negligent in leaving her daughter home alone with access to a family car, violating the mother's "ordinary duty of due care by making the car accessible to an unfit driver." *Id.* at 53. The trial judge denied the plaintiff's motion to amend, and we affirmed, reasoning that "[i]t would be a socially undesirable result to impose tort liability on a motor vehicle owning parent who, as here, merely leaves accessible to her minor child a motor vehicle, *without knowledge or reason to know of the child's propensity to use the vehicle without permission.*" *Id.* at 54 (emphasis supplied).[7] The *DeLuca* case thus suggested that in the limited context of parental liability, the "knowledge of propensity" requirement applicable to negligent supervision claims applies equally to claims of negligent securement.

Cooke's claim against Christie for negligent failure to secure her vehicle fails on the same grounds as does her claim for negligent supervision: lack of evidence that Christie was aware of a propensity by Lopez for unauthorized use of her cars. In the absence of such evidence, the case should not have gone to the jury on a theory of negligent failure to secure.

As there was insufficient evidence to support a finding of negligence on either theory, Christie's motion for judgment notwithstanding the verdict should have been allowed. As such,

---

[7] We noted the need for "limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment," *De-Luca* v. *Cleary,* 47 Mass. App. Ct. at 54, quoting from *Poskus* v. *Lombardo's of Randolph, Inc.,* 423 Mass. 637, 640 (1996), within the context of ordinary family life:

"A minor child residing with her parents will likely always have access to motor vehicles owned by them. Because family members invariably know family and household information, minors will know how to find the car keys as easily as they would the matches or the checkbook." *DeLuca* v. *Cleary, supra* at 54.

we vacate the judgment against Christie and order judgment to enter in favor of this defendant.

*So ordered.*