Curtin, J.
Plaintiff Jacqueline Polizzotti (“Polizzotti”) has appealed the entry of summary judgment in favor of defendants Jose and Anna Gomes (the “Gomes parents”), the parents of David Gomes (“David”), a minor. Polizzotti, a passenger on a motorcycle operated by David, suffered injuries in an accident caused by David’s negligence. After settling her personal injury claim against David for the limits of his insurance policy, Polizzotti filed this action against the Gomes parents alleging that they negligently entrusted the motorcycle to David and failed to take any action to curb his wild and dangerous behavior despite their knowledge of the same.
Polizzotti argues that the motion judge erred in granting summary judgment to the Gomes parents because sufficient facts were presented to demonstrate the existence of genuine issues of fact as to whether the Gomes parents knew of a propensity on David’s part to defy their rules for his operation of his motorcycle and whether they were thus liable for negligent supervision. We do not agree.
Viewed in the light most favorable to Polizzotti, Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 38-39 (2005), the affidavits, deposition testimony and answers to interrogatories indicate the following: At approximately 7:00 P.M. on May 26,1995, *41 Polizzotti was injured while riding as a passenger on a motorcycle owned and operated by David Gomes. The motorcycle was owned, registered and insured by David. Prior to the accident, David received two traffic citations; one, for speeding, was issued on May 10,1995, and the second, on May 18,1995, charged failing to keep to the right and a license restriction violation. The Gomes parents testified at. their depositions that they did not know about David’s traffic tickets before the accident. David testified at his deposition that he hid the tickets from his parents. At the time of the accident, David had a learner’s permit, not a driver’s license. In answers to interrogatories dated January 8,2004, Polizzotti stated that her mother learned from a Marblehead police officer on the night of the accident that David had been previously cited several times for speeding “and driving recklessly.” In a June 18, 2004 affidavit submitted in opposition to the Gomes parents’ summary judgment motion, Polizzotti stated that David told her immediately prior to the accident that his parents knew about the traffic citations and were “extremely upset,” furious and “mad as hell” at him for getting into trouble with the law while riding his motorcycle.
Summary judgment should be granted when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Vaughan v. Eastern Edison Co., 48 Mass. App. Ct. 225, 226 (1999). A party moving for summary judgment in a case where the opposing party would have the burden of proof at trial is entitled to summary judgment if he can demonstrate that the opposing party has no “reasonable expectation” of proving an essential element of the party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. Neelisent Entrustment. To prevail on her claim of negligent entrustment, Polizzotti was required to establish, inter alia, that the Gomes parents owned or controlled the motor vehicle in question and that they gave their son permission to operate the vehicle. Alioto v. Marvell, 402 Mass. 36, 40 (1988), quoting Leone v. Doran, 363 Mass. 1, 7 (1973). It is clear that Polizzotti cannot satisfy this element of her burden of proof because the Gomes parents did not own the motorcycle. David purchased the motorcycle with the assistance of his father, and registered and insured it in his own name. In fact, Polizzotti clearly knew that David was the owner and the insured as she collected the full amount of available benefits under his insurance policy prior to filing this action.
2. Neelisent Supervision. Parents have a duty to exercise reasonable care to prevent their minor children from intentionally or negligently inflicting harm on others. Alioto v. Marvell, supra at 38. This duty arises “when the parent knows or should know of the child’s propensity for the type of harmful conduct complained of, and has an opportunity to take reasonable corrective measures.” Cooke v. Lopez, 57 Mass. App. Ct. 703, 705-706 (2003). To prove a claim of negligent supervision, a plaintiff must show the parent’s awareness of a “dangerous tendency,” “a propensity for reckless or vicious behavior,” or “a propensity for a particular type of harmful conduct” on the part of the child, as well as a lack of appropriate action on the part of the parent. Cooke v. Lopez, supra, at 706, citing Smith v. Bickford, 50 Mass. App. Ct. 112, 114 (2000).
The facts in this case do not support a finding that the Gomes parents were aware of any “dangerous tendency” or “propensity” on the part of their son. The record indicates that prior to the accident, neither Mr. Gomes, nor his wife, knew of either of the two traffic citations David had received within the previous two weeks. In their depositions, each of the Gomes was specifically questioned by Polizzotti’s attorney regarding that issue. Mr. Gomes became aware of the citations after the accident when notices were sent to the Gomes’ home. David also testified at his deposition that he hid the fact of the citations from his parents. Moreover, even if the parents had known of the two traffic citations prior to the motor vehicle accident, as Polizzotti claims in her affidavit, those citations alone *42 would not have been enough to establish a “dangerous tendency” or “propensity” on David’s part.[2] See DePasquale v. Dello Russo, 399 Mass. 655, 659 (1965) (Two prior incidents of firecracker misuse by defendant’s son fell short of evidence sufficient to establish a “dangerous tendency”). ‘To hold otherwise would go far toward exposing parents to liability for the torts of their children solely because of their parenthood.” Cooke v. Lopez, supra at 707.
Summary judgment affirmed. Appeal dismissed.
So ordered.

 Thus, Polizzotti’s statements in an affidavit prepared in opposition to the Gomes’ summary judgment motion that David told her immediately prior to the accident that his parents were upset with him about the traffic citations were not sufficient to defeat summary judgment. The insufficiency of Polizzotti’s averment to raise a triable issue renders irrelevant any variance between her affidavit and her earlier answers to interrogatories in which she indicated that it was her mother who learned about David’s traffic tickets from the police officer investigating the accident. With respect to conflicting statements filed in opposition to Rule 56 motions, it should be noted that “a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath....” O’Brien v.Anolog Devices, Inc., 34 Mass. App. Ct. 905, 906 (1993). See also Lyons v. Nutt, 436 Mass. 244, 249 (2002).